## CONSERVATIVE LOAN CO. v. WHITTINGTON et al.

No. 15478—Opinion Filed Sept. 15, 1925.

Rehearing Denied Nov. 23, 1926.

**1. Usury—Test of Usury in Contract.**

The test as to whether a contract is usurious is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal rate? If it does exceed such amount, it is usurious; otherwise it is not.

**2. Same—Legal Contract not Affected by Higher Rate Paid in Liquidation of Loan.**

If a contract, at its inception, is not shown to be usurious as tested by the above rule, it is not made usurious by any subsequent transaction liquidating said loan, even though there is paid by the borrower for such liquidation a sum in excess of a sum for interest which would accrue if calculated at the legal rate for the time the sum loaned was held by the borrower.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Love County; Asa E. Walden, Judge.

Action by the Conservative Loan Company against C. H. Whittington et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

E. C. Stanard, C. H. Ennis, M. L. Hankins, and J. H. Hayes, for plaintiff in error.

Wilkins & Wilkins, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Love county by the plaintiff in error, as plaintiff, against the defendant in error, as defendants, to recover the sum of $700 as evidenced by three promissory notes for $300 each, together with interest and attorney's fee. The notes were secured by mortgage on certain lands belonging to the defendants C. H. Whittington and wife, and contained the ordinary provisions maturing all of said notes by reason of the default in the payment of one, and it is alleged at the time of the institution of this suit that defendants have defaulted in the payment of the first note and also in the payment of the second note, which was due and payable on the 1st day of October, 1922; plaintiff also asks the foreclosure of their mortgage. Plaintiff also sets forth a contract as an exhibit and makes it a part of its petition, wherein the defendants C. H. Whittington and Dovie Whittington, employed the appellant, Conservative Loan Company, and constituted said company their agent, to secure a loan for said defendants for the sum of $3,600 and the notes in question were given as commission or compensation for services of the said company in securing said loan, and the record discloses that the loan was secured; wherein the defendants agree to pay interest at the rate of seven per cent. The loan was for a period of ten years and the commission was based, or was equivalent of, two and one-half per cent. on the said loan for the full period of ten years, and if considered as a part of the interest, would make the rate of interest paid by the defendants Whittingtons, nine and one-half per cent. for the loan of the money for the period of ten years.

The defendants Whittingtons filed their answer, in which they aver that the notes sued on represent a part of the interest to be paid to the appellant for the loan of $3,600, and that this was the third loan secured from said company by the defendants herein. It is averred in the answer and admitted to be a fact that the Whittingtons borrowed $2,200 from the appellant in 1917, and executed a first and second mortgage to secure said loan and the commission notes, four in number for $137.50 each, maturing as follows: The first note on December 1, 1917; second note on December 1, 1918; third note on December 1, 1919, and the fourth note on December 1, 1920. In August, 1919, the defendants entered into a second loan contract with the appellant,

whereby they secured a loan of $2,800, and this, like the first loan, was for a period of ten years, and each of said loans was for six per cent. interest, and in the second loan, as in the first, notes were executed due in one, two and three years for the commission. The second loan was made for the purpose of taking up the first loan, paying the past due interest, the commission notes, taxes, and other expenses incurred in securing same. The defendants received no additional money than that received in the first loan of $2,200, and in March, 1921, a third loan contract was made and is the one here sued upon, wherein the defendants secured a loan of $2,600, and executed the three commission notes for $300 each, which is the basis of this cause of action, which, as heretofore stated, together with the interest charged on the principal loan, made the rate of interest nine and one-half per cent. for a period of ten years. At the time of the making of this third loan, as in the second loan, the second loan was paid off, together with all interest due, commission notes, taxes, and it seems that the entire loan of $3,600 was utilized in taking care of the second loan of $2,800, and defendants received no additional sum by reason of said loan. The defendants aver and contend that by reason of these various transactions, whereby they paid to the appellant the commission notes on the first and second loan, the contract becomes tainted with usury, and in their cross-petition ask for judgment for the sum of $7,630, the sum being double the amount of the interest charged for the last loan of $3,600.

The plaintiff replies to defendants' answer and cross-petition, and specifically denies that any usury was charged; alleges the contracts in their incipiency contained no usury, and that the transaction had does not constitute usury, and further alleges that they are brokers engaged in the brokerage business in procuring loans of money from investors or brokers, and that all of the loans referred to in plaintiff's petition were procured in this manner, and that while the notes and mortgages were taken in the name of the plaintiff, it was merely a matter of convenience as provided for in the contract of agency entered into between the plaintiff and the defendants, and that same were sold to other parties, and that the money secured by defendants by reason of said loans was not the money of this plaintiff, and that the notes were in fact commission notes secured by second mortgage, subject to the mortgage securing the principal loan, and in fact constitutes no part of the interest charged for the loan of the money; that said notes and mortgages were transferred by plaintiff to investors, who furnished said loan for money and never at any time were owned or held by the plaintiff; that the plaintiff received none of the interest therefor and thereon at the time said principal was paid off, or at any other time.

And further avers that the different loans were separate and distinct transactions, and that the money paid to this plaintiff by reason of the commission notes was a past due obligation of defendants as compensation for services rendered by the plaintiff as brokers and that same are entirely free from any usury.

Upon the trial of the case to the court, judgment was rendered in favor of the defendants C. H. Whittington and Dovie Whittington on their cross-petition for the sum of $6,840, and for the plaintiff, Conservative Loan Company, for the sum of $1,065, which was the principal, interest, and attorney's fee of the notes sued on, which was deducted from the principal judgment, being the judgment of $5,695 in favor of the defendants C. H. Whittington and Dovie Whittington. Judgments were also rendered against the other defendants named in the petition, but the only question involved in this appeal is the controversy between the plaintiff and the defendants C. H. and Dovie Whittington.

Numerous assignments of error are set forth by appellant, but the principal contention involved is that of whether or not the contract is usurious. The trial court seems to have based its judgment upon the theory that the appellant had no right to deduct the item of $392, the amount then due on the commission notes given in connection with the second loan made, from the amount of this loan, to wit, $3,600, and states in his judgment that in fact the plaintiff only paid to the defendants the sum of $3,205 upon said loan contract, rather than $3,600, and that the contract shows upon its face that the appellant charged the defendants the sum of $3,420, as interest for the money for a period of ten years, making the amount charged as interest excessive to the amount of $215 over and above ten per cent. interest for the period of ten years. With this conclusion of the trial court, we cannot agree. The Supreme Court of this state, as we understand the authorities cited, has determined that the usury statute does not apply to contracts for the loan of money in which no usury is charged in the incipiency of the contract.

In the case of Deming Investment Co. v.

Christensen, 60 Okla. 148, 159 Pac. 663, the court announces the following rule in the first paragraph of the syllabus:

"A contract, whereby C. and wife appoint D. as their agent to procure a loan of money uncoupled with an interest, may be revoked by the principal at will without liability for damages, but where, according to its terms, it is contemplated that the agent shall expend time and money to carry it out, and the agent accepts said contract and does expend time and money in pursuance of the object of the agency, and does procure a party who is willing to loan the money for the time and according to the terms of the contract, the principal cannot revoke the same except upon the burden of responding to the agent for such damages as he may suffer by reason thereof. Such contract in that state of case is not void for want of mutuality, but the same is an enforceable, valid and binding contract."

Which deals with a similar principle wherein the court upholds the right of a broker to collect the compensation agreed upon for his services in securing the loan, when he has fulfilled the terms and conditions of his contract as a broker or agent with the defendant, who has refused to accept the loan. The same rule is announced in the case of Deming Investment Co. v. Wasson, 192 S. W. 764, where the Supreme Court of Missouri followed the same doctrine. The case of Clement Mortgage Co. v. Johnson, 83 Okla. 153, 201 Pac. 247, seems to be clearly in point and involves the identical principles with which we are here confronted, the syllabus of which is as follows:

"The test as to whether a contract is 'usurious' is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal contract rate. If it does exceed such amount, it is usurious; otherwise it is not.

"If a contract, at its inception, is not shown to be usurious as tested by the above rule, it is not made usurious by any subsequent transaction liquidating said loan, even though there is paid by the borrower for such liquidation a sum in excess of a sum for interest which would accrue if calculated at the legal rate for the time the sum loaned was held by the borrower. The reason for this rule is that, a loan consummated being a fixed investment, and for and in consideration of consenting to an accelerated liquidation or payment before the expiration of the period of the loan, a charge is made of the borrower by the lender, this charge is not for further forbearance and detention of the money, but is a charge for ending the loan or forbearance by the lender consenting to its accelerated liquidation or payment, and a statute as to usury does not apply to such a transaction, and is held to be an agreed consideration for such accelerated liquidation or payment."

And in the body of the opinion the court uses the following language:

"The rule that we deduce and that is adopted in this state is that, if the contract was not usurious in its inception, the same is not invalidated and does not subject the lender to the penalty of usury by a subsequent transaction in liquidation of the loan contract, although the amount paid under the liquidation transaction may amount to more than the interest accrued at the legal contract rate for the period of time the money was held by the borrower.

"The rule that paying additional money by the lender for and in consideration of accelerating the loan, even though the amount paid may exceed the legal rate for the time the money is used, does not constitute usury, is set out in the fourth syllabus in the case of Deming Inv. Co. v. Reed et ux., heretofore cited (72 Okla. 179):

"'Further, that because the mortgagee under the contract by the exercise of his option accelerating the maturity of the loan was entitled to demand more than the amount of the loan with legal interest to the time the loan is called does not make the transaction usurious.'

"This rule seems to be sustained by all the authorities."

And numerous authorities are cited in this opinion sustaining the rule that paying additional money by the lender for, and in consideration of, accelerating the loan, even though the amount paid may exceed the legal rate at the time the money is used, does not constitute usury. We think that the commission notes, which were collected by the appellant, given in connection with the first and second loans, were outstanding obligations of the defendants, and their default in the payment of same authorized the institution of suit and the foreclosure of the mortgage, and if in lieu of a lawsuit the parties chose to make an adjustment and determined their rights under the terms of the contract, and settled on the same basis and for the same consideration that plaintiff would have necessarily received had foreclosure proceedings been instituted, in our judgment this would not constitute usury nor make the third loan, which is here involved, a usurious contract. Each loan was a separate and distinct transaction, and the contract contained no usury in its inception, and we do not regard the question of whether plaintiff was acting as agent of the lender, or was in fact the lender, material. It was unfortunate for the defend-

ants that they were unable to meet their obligations, and as we now view the situation, it seems that it was very injudicious on their part to continue to increase their loan by reason of the new loans entered into, but courts are powerless to protect or aid individuals in matters of this kind. They are bound by their own contracts and obligations, and we are inclined to the opinion that the court was in error in holding that this contract had become tainted with usury by reason of the payment or deduction from the loan here secured of the commission notes, given in connection with the former loan, and the judgment of the trial court should be reversed and remanded for a new trial in accord with this opinion.

By the Court: It is so ordered.