**290 P.2d 735**

**W. C. HOUCHARD, Appellant,**

**v.**

**William BERMAN, Appellee.**

**No. 6016.**

Supreme Court of Arizona.

Nov. 29, 1955.

382

the sum of $3,000 and took his promissory note dated April 18, 1952, due in three years and secured by a real estate mortgage. The note provided for eight percent interest payable annually. On August 29, 1953, plaintiff filed suit upon the note and sought to foreclose the mortgage. As a basis for the cause of action, the complaint alleged:

"That because of the provisions of said note there became due on the 18th day of April, 1953, an interest install-ment of $240.00 and a like installment of $240.00 on the 18th day of April, 1954; that the defendant has failed and neglected to pay said interest installments due on April 18, 1953; that there is now due from the defendant to the plaintiff on said note the principal sum of Three Thousand and No/100 ($3000.00) Dollars, together with interest thereon from the 18th day of April, 1953, at the rate of 8% per annum until paid and legal interest on said interest installment until paid; that the said note provides that should default be made in the payment of any of said installments when due, then the whole sum, or principal and interest then unpaid, shall become immediately due and payable at the option of the holder of this note; that the plaintiff does hereby declare the entire sum, with interest, due; that due demand has been made of the total sum, and that the said amount is due and unpaid."

Martin S. Rogers, Tucson, for appellant.

Mesch, Kemper & Jasper, John K. Mesch, Tucson, for appellee.

WINDES, Justice.

Plaintiff-appellant W. C. Houchard loaned defendant-appellee William Berman

The defendant answered denying that an interest instalment of $240 became due April 18, 1953 or on April 18, 1954. He also filed a counterclaim alleging that the note and mortgage was made upon a usurious agreement between the parties to the effect that the annual interest provided for in the note was to be paid in advance and asked for judgment for the first year's interest so paid. Plaintiff by reply denied the alleged usurious agreement. Defendant requested of plaintiff an admission of fact as to whether the first year's interest which according to the terms of the note became due April 18, 1953, had been paid. The plaintiff admitted it had in the following language:

"That $240.00 was paid by the defendant to the plaintiff in accordance with the terms of the note * * * voluntary by the defendant and in accordance with the written agreement between the parties as contained in the note and mortgage."

The deposition of one Ruth Thatcher, who testified she negotiated the loan, was taken and filed. She testified the first year's interest was paid in advance through her at the time the loan was completed. She stated she did not know whether there was an agreement between the parties concerning the advance payment. Her testimony is susceptible of the interpretation that defendant paid it voluntarily.

Based upon the foregoing allegations in the complaint, admission of fact and deposition, the defendant moved for summary judgment dismissing the complaint and for judgment on defendant's counterclaim. The motion was granted and judgment rendered accordingly. Plaintiff appeals from that part of the judgment awarding defendant relief on his counterclaim.

 The interest called for in the note is the maximum allowed by law. Section 36–102, A.C.A.1939. An agreement to pay maximum rate of interest in advance (except possibly where the loan is for a short term) would be an usurious agreement, Fagerberg v. Denny, 57 Ariz. 179, 112 P.2d 578, which renders all interest subject to forfeiture. Section 36–102, supra. We have held that to establish usury, there must be an intent to violate the law. If the face of the contract reflects a usurious charge, the intent will be presumed, otherwise the circumstances surrounding the transaction must show such intent. Fagerberg v. Denny, supra. It follows, therefore, that, when the note on its face shows no unlawful charge, the circumstances reflected in the foregoing record to warrant a summary judgment must show indisputably that the parties intended to violate the law prohibiting usury.

 We have ruled that to warrant a summary judgment the record must show

384

with certainty there is no disputable issue of fact which would possibly, if tried, prevent recovery by the moving party. Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86; Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111. Our view is that it is not possible from the circumstances reflected in the record to say that it clearly appears the parties had an agreement from which there could only be inferred an intent to violate the law. The deposition shows nothing more than that the first year's interest was paid in advance and, as stated, is susceptible of the possible interpretation that it was voluntarily paid. The admission of fact expressly states that the payment was voluntary.

Defendant argues that since the complaint alleges that according to the provisions of the note, the interest payment became due on April 18, 1953 and the defendant had failed to pay the same, this, together with the admission of the advance payment of the instalment of interest, demands a conclusion that the advance payment was required and not voluntary. We cannot say that this amounts to a clear and conclusive statement that the advance payment of interest was required or made under a separate agreement to that effect.

From the record an important fact in issue was whether the defendant and the plaintiff agreed that the interest should be paid in advance. We cannot say that such an agreement is clearly established by the record.

Judgment reversed with instructions to vacate the judgment for the defendant on the counterclaim.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.