367 P.2d 234

**W. J. SMALL, husband of Hazel M. Small, dealing with his sole and separate property, Appellant,**

**v.**

**George L. ELLIS and Rachael M. Ellis, his wife, Appellees.**

No. 6634.

Supreme Court of Arizona.

In Division.

Dec. 13, 1961.

Clark & Coker, Phoenix, for appellant.

Evans, Kitchel & Jenckes, Phoenix, for appellees.

PATTERSON, Judge.

This is an appeal by plaintiff from a judgment of the Superior Court of Maricopa County in an action upon a promissory note to which the defense of usury was sustained. The material facts of the case are not in dispute. The plaintiff loaned defendants $210,000 in consideration of which defendants executed a promissory note for $246,750. The promissory note containing an acceleration clause reads as follows:

"Promissory Note
"$246,750.00        Phoenix, Arizona,
May 28, 1952

"As Hereinafter Stated, for value received, we promise to pay to W. J. Small, or order, the sum of Two Hundred Forty-Six Thousand, Seven Hundred Fifty ($246,750.00) Dollars, with interest on the unpaid principal balance at the rate of two and one-half (2½%) per cent per annum, principal and interest payable in lawful money of the United States of America at Kansas City, Missouri.

"This note is payable in six (6) annual principal installments of Forty-One Thousand, One Hundred Twenty-Five ($41,-125.00) Dollars each, plus interest on the unpaid principal balance hereof at the rate of two and one-half (2½%) per cent per

annum, the first payment of principal and interest to be payable on June 1, 1953, and payments of like principal with interest on the 1st day of June of each and every year thereafter until said principal sum with interest has been paid in full.

"Should the makers fail to pay the installments of principal hereon as above provided, plus interest, at the time the same become due, the holder may, at his election, declare the full amount then owing on this note, with interest, to be immediately due and payable.

"If this note be placed in the hands of an attorney for collection, then the makers agree to pay, in addition to the principal and interest due hereon, an amount as collection fees equal to ten (10%) per cent of the principal and interest then due on this note; in case suit or action is instituted to collect this note or any portion hereof, the makers promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit or action, together with all costs of suit.

"This note is secured by a Realty and Chattel Mortgage of even date herewith.
> "George L. Ellis
> George L. Ellis
> Rachael M. Ellis
> Rachael M. Ellis"

The amount appearing upon the face of the note was arrived at by adding to the amount actually loaned in the sum of $210,000 the additional amount of $36,750 which represented capitalized interest at 5% per annum. As a result the note being predicated upon a loan of $210,000 provided for repayment of this amount plus 5% capitalized interest plus 2½% interest on the entire amount. So calculated the note would have produced a total of 7.94% interest per annum average upon the actual amount loaned had there been no default. Defendants defaulted with respect to the 1955 installment and as a consequence the plaintiff exercised his right to accelerate the note. He demanded only the balance due of the amount actually loaned plus interest thereon at 7½%.

It is admitted that upon acceleration before maturity the note provides for payment of interest on the loan at a greater rate than 8% per annum. The trial court found and concluded that the note because of its acceleration clause was usurious and under A.R.S. § 44–1203 the court gave plaintiff judgment for only the principal amount loaned and credited all payments made by defendants to principal, thereby causing a forfeiture by plaintiff of all interest due under the note.

Plaintiff's Assignments of Error Are:

The trial court erred in making its findings of fact, conclusions of law and in rendering its judgment of foreclosure in favor of the plaintiff and against the defendants Ellis by holding that the promis-

sory note secured by the mortgages in question was usurious, thereby holding that plaintiff was not entitled to any interest upon the note and that all payments previously made thereon were to be credited to principal, and in denying plaintiff's objections to the findings of fact and conclusions of law and his motion for new trial, for the reasons and upon the following grounds:

I.   That there is no evidence to support the findings, conclusions and judgment that the note on its face was usurious. ·

II.   That there is no evidence in the record before the trial court to show that plaintiff ever intended to, nor did he actually demand interest in excess of the legal rate, even as a penalty for default on the part of the defendants; nor is there any evidence to support the trial court's failure and refusal to find and conclude that there was no intent upon the part of either the plaintiff or defendants to violate the Usury Laws of Arizona.

III.   That defendants, in asserting their claim of usury in defense, had not done all that equity requires in order to assert such defense.

IV.   That there is no evidence to support the findings, conclusions and judgment of the trial court, that the note in question was usurious for the reason that according to the undisputed evidence if defendants had paid the note in accordance with its tenure and at the times stated therein at no time would the interest have exceeded 7.94%.

This appeal presents two primary problems to resolve:  (1) Was the note at inception usurious on its face by reason of the contingency that the acceleration clause might be invoked by plaintiff on account of nonpayment of an installment due before maturity of the entire note and which contingency presents the probability of accruing an interest obligation in excess of 8%? (2) Did plaintiff by invoking the acceleration clause on account of defendants' nonpayment of an installment due before maturity of the entire note, and demanding and suing for the balance due on the money actually loaned plus interest at the rate of 7½% per annum violate A.R.S. § 44–1202, although the terms of the note provided that plaintiff could have demanded payment of the principal of the note which included the capitalized interest and 2½% interest thereon which demand would have exceeded 8%?

It is agreed by the parties that if the acceleration clause is not invoked before maturity and the note is paid according to its terms including the capitalized interest of 5%, the note would have borne interest at the rate of 7.94%.

A.R.S. § 44–1202 reads as follows:

"Usury prohibited;  forfeiture of all interest upon obligation involving interest exceeding eight per cent

"No person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater sum or any greater value for the loan or forbearance of any money, goods, or things in action, than eight dollars on one hundred dollars for one year. Any person, contracting for, reserving or receiving, directly or indirectly, any greater sum or value, shall forfeit all interest."

Interest at the rate of 7.94% is not a violation of A.R.S. § 44–1201. Plaintiffs contend that the note is not usurious and defendants contend that it is usurious on its face by reason of the acceleration clause, which if invoked prior to maturity would impose interest at a rate in excess of 8%.

█ This Court has held that extrinsic evidence may be considered in determining whether a transaction is usurious. Seargeant v. Smith, 63 Ariz. 466, 163 P.2d 680; Fagerberg v. Denny, 57 Ariz. 179, 112 P.2d 578; Blaisdell v. Steinfeld, 15 Ariz. 155, 137 P. 555. This is an appropriate case to consider the extrinsic evidence adduced at the trial.

Plaintiff demanded of defendants and instituted suit to collect the unpaid balance on the $210,000 actually loaned and interest thereon at the rate of 7½%. The capitalized 5% interest added to the $210,000 was waived.

Defendants cite the minority authorities which hold that if the interest due and payable by virtue of invoking the acceleration clause before maturity of the entire note exceeds the legal maximum the entire transaction is usurious. Also, if the face of the note contains an acceleration clause which could bring about such a contingency, the note is usurious. Atwood v. Deming Inv. Co., 55 F.2d 180 (5th Cir., 1932); Deming Inv. Co. v. Giddens, 120 Tex. 9, 30 S.W.2d 287; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.2d 282, 84 A.L.R. 1269, cert. denied 284 U.S. 675, 52 S.Ct. 130, 76 L.Ed. 571; Parks v. Lubbock, 92 Tex. 635, 51 S.W. 322; Maxwell v. Jacksonville Loan & Improvement Co., 45 Fla. 425, 34 So. 255.

Defendants also rely upon § 526 of the Restatement of the Law of Contracts, which provides:

"A bargain under which a greater profit than is permitted by law is paid, or is agreed to be paid to a creditor by or on behalf of the debtor for a loan of money, or for extending the maturity of a pecuniary debt is usurious and illegal."

The foregoing authorities support defendants' position. Defendants emphasize the Restatement as authority and refer to the case of Ingalls v. Neidlinger, 70 Ariz. 40, 216 P.2d 387, 390, wherein we stated:

"We have repeatedly stated that where not bound by previous decisions of this court or legislative enactment we will follow the Restatement of the Law. Waddell v. White, 56 Ariz. 525, 109 P.2d 843 and cases * * * cited."

However, in the case of Reed v. Real Detective Pub. Co., 63 Ariz. 294, 162 P.2d 133, 138, this Court stated:

" * * * *We think it would be unwise to follow this rule blindly,* particularly when to do so would result in the recognition of a new cause of action in this jurisdiction. In view of our former pronouncements, great weight must be given to the recognition of this right in the Restatement of the Law, but notwithstanding this, we deem it our duty to consider the merits of this new right. *If it is based on principles of justice, and has been generally acknowledged elsewhere, there would seem to be no reason why the cause of action should not be considered as existing here."* (Emphasis supplied.)

In the Reed case this Court affirms the precept that it will always be amenable to the furtherance of justice, acting within constitutional and legislative limitations.

■ The factual matters in this case involving particularly the feature of the acceleration clause in the note appears to be one of first impression in this Court and is deserving of concern. This Court has held that there are five essential elements of a usurious contract: (1) an unlawful intent; (2) the subject matter must be money or money's equivalent; (3) a loan or forbearance; (4) an understanding that the sum loaned must be absolutely, not contingently repayable, and (5) there must be an exaction for the use of the loan of something in excess of what is allowed by law. Sulger v. Maslin, Civil No. 7038, Ariz., November 8, 1961, 365 P.2d 1113; Seargeant v. Smith, supra; Blaisdell v. Steinfeld, supra. This Court has also held that in order to establish usury there must be an intent to violate the law. Sulger v. Maslin, supra; Houchard v. Berman, 79 Ariz. 381, 290 P. 2d 735, 57 A.L.R.2d 627; Fagerberg v. Denny, supra.

■ Comment b to section 526 of the Restatement of the Law of Contracts sets forth the following elements: (1) a loan or agreement for forbearance; (2) the loan, extended debt, or claim forborne must be of money or something circulating in money; (3) the debt must be unconditionally repayable; (4) something must be exacted or promised for the use of the money in excess of and in addition to the highest amount of interest permitted by law. A special note following § 526 of the Restatement criticizes those courts requiring the essential elements of intent:

"Thus, there are many decisions that a wrongful intent is one of the necessary elements by usury, yet, at least in civil cases, it may be doubted *whether intent is of any importance* if the facts clearly establish usury and the parties were acting under no mistake." (Emphasis supplied).

It is noted that Restatement disregards the element of "unlawful intent" as one of the elements set forth. This Court is committed by its decisions to the position that intent is an essential element although intent may be inferred from the doing of what is forbidden. Blaisdell v. Steinfeld, supra.

We conclude that the prior decisions of this Court must govern the facts of this case as to intent and each usury case must be judged according to its individual merits.

Professor Williston has set forth rules which are very applicable to the instant case:

"The provision in a pecuniary obligation that on default of the debtor in payment of either principal or interest the entire indebtedness including interest for the full term, or a greater sum than legal interest to the time of default, shall thereupon become immediately payable, is stated in the Restatement of Contracts to be usurious, and this view has some support in the decisions, *but a greater number hold that it is not usurious on the ground that the debtor may avoid paying an excessive rate by prompt performance of his obligation* though recovery of any excess over legal interest is generally disallowed as penal. Similarly, a provision that on default by the maker an obligation shall thereafter bear a rate of interest higher than the legal rate, though it may be objectionable as penal if the rate is excessive, is not usurious. The principle applicable to these cases has thus been stated: 'Whenever the debtor by the terms of the contract can avoid the payment of the larger by the payment of the smaller sum at an earlier date, the contract is not usurious but additional, and the larger sum becomes a mere penalty.' * * *" (Emphasis supplied.) 6 Williston, Contracts § 1696 (rev. ed. 1938).

The predominant weight of authority is to the effect that a debtor cannot bring his creditor to the penalties of the usury law by his voluntary default in respect to the obligation involved, where no violation of law is present at the inception of the contract. Annotation 84 A.L.R. 1283 (1933).

The Supreme Court of California in the case of Sharp v. Mortgage Security Corporation of America, 215 Cal. 287, 9 P.2d 819, 820, holds:

"The case of Easton v. Butterfield Live Stock Co., 48 Idaho, 153, 279 P. 716, 718, is an instructive case citing a great many authorities, and the rule is there stated as follows: 'In determining whether usurious interest has been charged or collected under a particular contract it is not permissible to consider only a portion of the term. The test is: *Did the lender under his contract charge or receive a profit on his investment in excess of the maximum rate for the full period of the loan? If he has, there is usury; otherwise not.'*

*    *    *    *    *    *

"It is also elementary that the contract must in its inception require a payment of usury or it will not be held a violation of the statute and it may not be judged after some default of the borrower, which default alone authorizes penalties or forfeitures which, if exacted in the beginning, would have been a violation of the statute. Conservative Loan Co. v. Whittington, supra [120 Okl. 137, 250 P. 485]; Clement Mortgage Co. v. Johnston, 83 Okl. 153, 201 P. 247; M. Lowenstein & Sons v. British, etc., Co. (C.C.A.) 7 F.2d 51, 53; 27 R.C.L. 208; Low v. Sutherlin, Barry & Co. (C.C.A.) 35 F.2d 443. The cases above cited are also authority for the proposition *that a debtor cannot bring his creditor to the penalties of the usury law by his voluntary default in respect to the obligation involved, where no violation of law is present at the inception of the contract."* (Emphasis supplied.)

The promissory note in this case and the facts adduced show conclusively that excessive interest could only rest upon a contingency, to wit: the failure of defendants to make their payments when due. The predominant weight of authority is to the effect that where excessive interest is paid because of a contingency which occurrence is under the control of the borrower, the transaction is not thereby made usurious. Penziner v. West American Finance Co., 133 Cal.App. 578, 590, 24 P.2d 501 and cases cited. We are convinced from the record that plaintiff had no intent to violate the usury statute at the inception of the transaction or thereafter. In fact, the plaintiff had no power to enforce interest payment in excess of the maximum statutory amount until default by defendants.

Therefore usury was without the contractual relationship of the parties at the inception of the note and the weight of authority holds that if by default the obligor creates excessive interest in violation of the usury law, such is to be considered as a penalty brought unto himself and the obligor cannot take advantage of his own contractual breach. Sharp v. Mortgage Security Corporation of America, supra. In this case the plaintiff did not take advantage of excessive

**202**

interest or a penalty and asks for simple interest on the amount of money actually advanced to defendants.   Plaintiff acted within his rights.

The judgment of the trial court is reversed and judgment shall enter in accordance with this opinion.

BERNSTEIN, V. C. J., and UDALL, J., concurring.