417 P.2d 535

**SCOTTSDALE DISCOUNT CORPORATION, an Arizona corporation, Appellant,**

v.

**Zearl E. DODSON and Bonnie C. Dodson, his wife, and Thomas E. Fulkerson and Jo Ellen Fulkerson, his wife, Appellees.**

**No. 2 CA–CIV 161.**

Court of Appeals of Arizona.

Aug. 25, 1966.

Rehearing Denied Sept. 26, 1966.

Review Denied Oct. 25, 1966.

Filler & Paytas, by Henry R. Paytas, Phoenix, for appellant.

Silverstone & Stern, by Maurice M. Stern, Tucson, for appellees.

KRUCKER, Chief Judge.

Appellant, Scottsdale Discount Corporation, plaintiff below, brought action March 4, 1965, in replevin, against the appellees, defendants below, to recover a certain 1962 Sahara Mobile Home. Plaintiff is an Arizona corporation which deals in mobile home financing with mobile home dealers and purchases certain conditional sales contracts on mobile homes. Defendants Thomas E. Fulkerson and Jo Ellen Fulkerson, husband and wife, were mobile home dealers in Tucson, Arizona, and on August 17, 1962, defendants Fulkerson entered into a conditional sales contract with the defendants Dodson and on the same date the contract was assigned by the Fulkersons to the plaintiff, Fulkersons guaranteeing the payment of said contract to plaintiff.

Defendants Dodson are not involved in this appeal. After purchasing the trailer, Dodson made an agreement with Fulkerson to deliver the trailer back to Fulkerson in trade for a house, and the agreement was placed in escrow. While this agreement was in abeyance in escrow, no payments were made on the conditional sales contract, and the plaintiff filed suit March 4, 1965.

Plaintiff, by letter dated January 27, 1965, advised the escrow agent of the amount due on the contract, including transfer fee, late charges, etc. On March 3, 1965, the escrow agent advised plaintiff that the escrow had been closed and forwarded payment, in which was included the amount specified in the letter of January 27, plus $95.00 covering the March payment on the contract.

Replevin action was filed on March 4, 1965, and the check was returned, by mail, March 5, 1965. The trailer was not actually retaken by the sheriff until March 9, 1965.

Tender was made prior to any "retaking", and the buyer always has the right to make payment and may redeem any time up to ten days after retaking. A.R.S. § 44–318; Schnitzer v. Fruehauf Trailer Co., 283 App. Div. 421, 128 N.Y.S.2d 242 (1954), aff'd mem. 307 N.Y. 876, 122 N.E.2d 754.

Motion for summary judgment was filed by defendants Fulkerson, with supporting affidavits, including the correspondence referred to above. Plaintiff filed a controverting affidavit and motion in opposition to defendants' motion for summary judgment. After due presentation to the court, the motion for summary judgment was granted and judgment entered in favor of the defendants Fulkerson.

 It is true that if there are disputed issues of material fact, a summary judgment should not be granted. Lujan v. Mac-Murtrie, 94 Ariz. 273, 383 P.2d 187 (1963); Houchard v. Berman, 79 Ariz. 381, 290 P. 2d 735, 57 A.L.R.2d 627 (1955). We can find no disputed facts existing at the time the action was filed. Full payment to date was tendered before any retaking of the trailer. This is admitted by the affidavits and attachments, and the tender cured any default which then existed. The affidavit and the personal knowledge of the affiant

and the amount was based on information furnished by plaintiff, as shown by the attachments to the affidavit in support of the motion for summary judgment. The only issue is whether or not there was a tender, and the tender is admitted and borne out by the record. If the amount was incorrect, the plaintiff had the duty to answer this specifically in the controverting affidavit. Wakeham v. Omega Construction Company, 96 Ariz. 336, 395 P.2d 613 (1964). Also see Chenowth v. Epperson, 3 Ariz.App. 316, 414 P.2d 165 (1966). Our Supreme Court stated in Colby v. Bank of Douglas, 91 Ariz. 85, 87, 370 P.2d 56, 57 (1962):

> "The mere statement in a pleading, when attacked by a motion for summary judgment supported by proof of specific facts in the form of an affidavit or deposition, places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleadings. He cannot withhhold this showing until the time of trial." (Citing cases.)

Furthermore, Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S., provides in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Appellant raises the question on appeal as to the attorney's fees and costs in the replevin action not being included in the tender, but this was not raised in the trial court and cannot be raised for the first time on appeal. City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135 (1959).

Plaintiff also raises the issue that defendants are a seller-assignor-guarantor, and that under a conditional sales contract they are not entitled to the same rights as accorded a buyer under the same conditional sales contract, relying on Maestro Music, Inc. v. Rudolph Wurlitzer Company, 88 Ariz. 222, 354 P.2d 266 (1960). That case is not in point under the fact situation before us here. The Maestro case deals with the duties of a conditional seller. Here, the defendants, though originally the conditional sellers, bought out the rights of the conditional buyers and succeeded to their rights. Plaintiff cites no authority that an original seller is precluded from being an assignee of a buyer's rights in a conditional sales contract. We see no reason why this cannot be the case.

The judgment is affirmed.

HATHAWAY and MOLLOY, JJ., concur.