379 P.2d 118

**Nellie Chavez MARTINEZ, Appellant,**

**v.**

**Dent L. COOMBS, Appellee.**

**No. 7088.**

Supreme Court of Arizona.

In Division.

Feb. 27, 1963.

Charles Christakis, Phoenix, for appellant.

Christy, Kleinman, Peterson & Hoyt, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

Appellant was plaintiff in a suit for assault and battery, false imprisonment, malicious prosecution, and libel and slander. Plaintiff appeals from a summary judgment for defendant.

Defendant made a motion for summary judgment and subsequently filed affidavits in support of the motion. Although the affidavits were filed two weeks prior to the hearing, plaintiff's counsel was not served with them until he appeared at the hearing on October 16, 1959. At the hearing and in opposition to the motion, plaintiff's counsel asked the trial judge to take judicial notice of the transcript of testimony in a previous criminal trial of plaintiff out of which the causes of action stemmed. The trial judge asked counsel if he wanted to file a copy of the transcript and counsel said he would do so if the court wanted him to, but that he would prefer to have the court take judicial notice of it. The trial judge agreed to take judicial notice of the transcript and took the motion under advisement and on October 29, 1959 the trial judge granted the motion for summary judgment on the ground that plaintiff had not complied with Rule 56(e), Rules of Civil Procedure, 16 A.R.S.

Subsequently, plaintiff filed the transcript and affidavits in opposition to defendant's affidavits, but the court struck these documents on motion of defendant on the ground that summary judgment had already been entered. After numerous motions for rehearing, to set aside the judgment, final judgment was entered on January 11, 1960.

Rule 56(e), Rules of Civil Procedure reads in applicable part:

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or de-

nials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment *shall* be entered against him." (Emphasis supplied)

We have held that a summary judgment is mandatory under this rule where the party opposing the judgment does not file affidavits in opposition to affidavits filed by the moving party, Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982. We do not think that a request that a trial judge take judicial notice of a transcript of testimony in another case meets the burden placed on the party opposing a summary judgment supported by affidavits.

Plaintiff complains that he was not served with the affidavits until the day of the hearing and that they were not served in accordance with Sec. 56(c). The trial judge took the motion under advisement and did not render judgment until more than ten days from the time plaintiff was served with defendant's affidavits. We are of the opinion that plaintiff was given ample time under Rule 56(c) in which to answer in the manner prescribed by Rule 56(e). Having failed to do so the judgment is affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.