379 P.2d 902

**NATIONAL LIFE & CASUALTY INSUR-
ANCE CO., successor to Consolidated
Benevolent Society, Appellant.**

**v.**

**Estil Lucas MOWRE, Appellee.**

**No. 7022.**

Supreme Court of Arizona.

In Division.

March 21, 1963.

. Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

Burns & Ferrin, Phoenix, for appellee.

LOCKWOOD, Justice.

Appellant was defendant in a suit to collect on a life insurance policy. When the deceased first bought the policy it provided that the amount to be paid the beneficiary would be calculated under a pro rata clause as follows:

"All approved claims against the Society shall be paid within each 60-day period after the date of notice of death. All such claims shall be paid from the Mortuary and Reserve Fund of the Society. In the event, however, that the accumulated Mortuary and Reserve Fund, together with the amount collected during such 60-day period, amounts to less than the total liability of the Society accruing during such 60-day period, then and in that event the beneficiaries shall receive and accept their proportionate share of the amount collected after deducting expense of collection, as full payment of all liability under this certificate. In no case, however, shall the maximum benefit exceed the maximum amount in force under the certificate at the time of death."

The policy provided that the maximum benefit would not decrease with age and the maximum benefit under this policy was $600.

The policy was subject to bylaws of the .company and some time after the deceased had taken out the policy the bylaws were amended so that the maximum benefit would decrease with age. Under the amended bylaws the plaintiff would get $100.00 and the defendants answer admitted owing $100.00.

The defendant moved for summary judgment on the basis that the amendment to the bylaws was controlling and that the plaintiff had only $100 coming to her. This motion was denied. Plaintiff then made an unverified motion for summary judgment for $600 based solely on the affidavits and exhibits which defendant had previously filed. Defendant filed an unverified response. The trial judge granted plaintiff's motion for summary judgment as follows:

"The face of the policy is in the principal sum of $600. The defendant's memorandum filed August 11th of this year points out the presence of a bylaw which authorized the defendant to pay a sum less than $600 in the event of the presence of certain factual situations. The defendant suggests in that memorandum that there is in fact a presence of this fact situation but this suggestion is made in the form of an unverified response. *Under the rules, to entitle the same to be given consideration on a motion for summary judgment, the facts must have been set forth under oath, subscribed to by one competent to so testify. The defendant has failed to properly controvert the prima facie showing of an entitlement of a judgment in the sum of $600."* (Emphasis added.)

The rule to which the trial judge had reference was Rule 56(e) Rules of Civil Procedure, 16 A.R.S. which reads:

"Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him."

■ We have held that where a motion for summary judgment supported by affidavits is not controverted by a sworn statement summary judgment will be entered. Martinez v. Coombs, Ariz., 379 P.2d 118 (1963); Leonardi v. Furman, 83 Ariz. 61, 316 P.2d 487 (1957). The plain language of the rule, however makes mandatory the granting of a summary judgment only "When a motion for summary judgment is made *and supported* as provided in this Rule * * *." In the instant case plaintiff's motion was not verified and the only supporting documents relied on by him were those furnished by defendant. Thus his motion was not "supported" as provided in the Rule and it was not mandatory that the trial judge grant summary judgment.

■ Plaintiff raises a novel argument in her attempt to uphold the summary judgment. She contends that by making a motion for summary judgment defendant admitted that there was no dispute about the facts. The only trouble with the argument is that the affidavits and exhibits show that defendant had two defenses. The first defense was that under the amended bylaws plaintiff was entitled to only $100. When the trial judge ruled that the amended articles did not limit plaintiff's benefits, the plaintiff was entitled to the benefits under the policy as originally purchased.[1] These benefits were not more than $600 with the exact amount to be calculated by reference to the pro rata clause of the policy quoted above. The amount could range from a low of the $100 the defendant admitted owing to a high of $600 if it should appear that there was sufficient money in the accumulated Mortuary and Reserve Fund together with the amount

1. This matter was put in issue by defendants general denial in its answer.

**234**

collected during the appropriate 60 day period. The amount due plaintiff under the policy is a question of fact about which there is dispute. Reversed and remanded for further proceedings not inconsistent with this opinion.

UDALL, V. C. J., and JENNINGS, J., concur.