383 P.2d 187

Faye LUJAN, as administratrix of the Estate of Fannie A. Young, Deceased, Lois Thelma Herring, Gracie Jo Smith, and Rosebud Pierson, Appellants,

v.

Dave MacMURTRIE and Elia P. MacMurtrie, husband and wife, Appellees.

No. 6966.

Supreme Court of Arizona.

In Division.

June 19, 1963.

Ramon R. Alvarez, Douglas, for appellants.

Fred P. Talmadge, Benson, William E. Kimble, Tucson, for appellees.

ROBERT E. McGHEE, Superior Court Judge.

Plaintiffs appeal from a summary judgment granted to the defendants, Dave and Elia P. MacMurtrie. For convenience the parties will be designated as in the Superior Court.

The plaintiff, Faye Lujan, as administratrix of the estate of Fannie A. Young, and

the three individual plaintiffs, all daughters of the deceased, filed an action against the defendant, Kenneth D. Young, a brother of the three individual plaintiffs, and against the defendants, Dave MacMurtrie and Elia P. MacMurtrie, who had entered into a contract to purchase a parcel of land from the defendant, Kenneth D. Young.

The complaint in three separate counts sets forth: that the property had been the separate property of the deceased; that the deceased had deeded the property to her son, Kenneth D. Young, with the verbal understanding that the property was to be held in trust, and after her death was to be divided among Kenneth and his sisters; that the defendant had converted to his personal use personal property of Fannie A. Young in the value of Ten Thousand ($10,-000) Dollars; that there was no adequate consideration for the conveyance to Kenneth; that the deceased was mentally incompetent at the time of the conveyance to Kenneth, who was aware of his mother's incompetency at the time he influenced her to do so; that "Kenneth A. Young thereafter, in contravention of his promise to his mother, Fannie A. Young, and his sisters, executed a contract for the sale of the aforesaid real property and promised to convey the land to Dave MacMurtrie and Elia P. MacMurtrie, husband and wife."

The prayers for relief asked generally for the imposition of a constructive trust upon the property or in the alternative for a money judgment.

The defendant, Dave MacMurtrie and Elia P. MacMurtrie, husband and wife, filed a motion for summary judgment supported by the affidavit of Dave MacMurtrie as follows:

"That he is a defendant in the above entitled action, and the husband of ELIA P. MACMURTRIE, also a defendant in said action. That said DAVE MACMURTRIE and ELIA P. MACMURTRIE, did enter into a contract for the purchase of real property, as described in said complaint, with KENNETH D. YOUNG, the owner of said property according to the records on file with the Cochise County Recorder, and with the belief and understanding that said KENNETH D. YOUNG was under no disability or limitation as to his ownership and/or ability to enter into such contract."

Plaintiffs appeal from the summary judgment granted to the defendants MacMurtrie. The defendant, Kenneth D. Young, was not a party to the summary judgment proceeding, and is not a party to this appeal.

Plaintiffs assign as error the granting of the summary judgment, urging (1) that the affidavit was defective in that it was not based upon personal knowledge of the affiant, contained statements of belief and

opinion of the affiant, and conclusions of law, and was hearsay as to the wife of Dave MacMurtrie; (2) that there existed a material issue of fact as to whether any of the purchasers were bona fide purchasers; (3) and that there existed a material issue of fact as to whether any of the parties could be placed in the status quo ante original conveyance.

Defendants take the position that the affidavit did in fact establish the defendants as bona fide purchasers, and that the placing of the parties in status quo is not an issue. Both parties apparently agree that if the defendants were not bona fide purchasers they may not acquire any interest under the contract, but disagree as to the rights of a bona fide purchaser from the grantee where the grantor was incompetent, but not so adjudged, at the time she executed the deed. Plaintiffs contend that there may be a rescission of the contract if the parties can be put in status quo. Defendants contend that the right of rescission applies only to the original grantee, but not to a subsequent bona fide purchaser. We are asked by the plaintiffs to pass upon the question, but feel that a determination of this issue is unnecessary.

The plaintiffs contend that the allegation of the complaint that Fannie A. Young was incompetent to execute the deed is sufficient to require the defendants, MacMurtrie, to carry the burden in their affidavit of showing that they acted in good faith, for consideration, and without notice of the incompetence of Fannie A. Young to execute the deed. In support of this proposition they cite Davis v. Kleindienst, 64 Ariz. 251, 169 P.2d 78, wherein it was held that in an action to reform an instrument the defendant has the burden to proceed with evidence to show he was a bona fide purchaser once the plaintiff has presented his proof showing a mistake.

Defendants take the position that the contract itself establishes the consideration; however the defendants did not attach or serve a copy with their affidavit. Rule 56(e) 16 A.R.S. provides that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." It has been held that "The statement of the substance of written instruments or of affiant's interpretation of them or of mere conclusions of law or restatements of allegations of the pleadings are not sufficient." Sprague v. Vogt, 8 Cir., 150 F.2d 795; 6 Moore's Federal Practice (2nd ed. 1953), § 56.22 at 2334. Since neither the contract nor its terms are before us, we are unable to say that the contract provided for a valuable consideration. The defendants have failed to show by their affidavit that they are purchasers for value.

The moving party for a summary judgment has the burden to " * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) Rules of Civil Procedure. This burden rests upon the moving party regardless of whether he or his opponent would at trial have the burden on the issue. Dyer v. MacDougall, 201 F.2d 265; Plank v. Schifter, D.C., 85 F.Supp. 397; 6 Moore's Federal Practice (2nd ed. 1953) § 56.15(3).

Any inferences from the underlying facts revealed by the affidavit must be viewed in the light most favorable to the party opposing the motion. United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176. A summary judgment should not be granted when there is an issue of fact, nor where there is the slightest doubt as to the facts. Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317.

Defendants rely upon Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982, for the general proposition that the opposing party must in all events contradict the affidavit of the moving party. In that case the plaintiff filed a controverting affidavit which merely denied in general terms the allegations of the moving party and was held uneffective in raising any triable issue of material fact, and cannot, therefore be construed as supporting the position of the defendants. See also Martinez v. Coombs, 93 Ariz. 127, 379 P.2d 118 and National Life & Casualty Co. v. Mowre, 93 Ariz. 231, 379 P.2d 902.

Rule 56(e) provides that "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him." The foregoing provision was recommended as an amendment to Federal Rule 65(e) by the advisory committee in 1955 because of conflicting rulings of the District Courts, but was not adopted by the United States Supreme Court. Its purpose was to make clear that a mere pleading allegation did not create a fact issue in face of a proper affidavit on any particular issue of fact. It was not the purpose of the amendment to create a battle of affidavits. 3 Barron & Holtzoff Federal Practice & Procedure § 1235.1, at 157 (1958). Therefore, if the papers of the moving party fail to show that he is entitled to judgment as a matter of law, the opposing party need not file an opposing affidavit. Chenault v. Nebraska Farm Products, D.C., 107 F.Supp. 635; 6 Moore's Federal Practice (2nd ed. 1953) § 56.15(3) at 2126.

Rule 56(e) is explicit in requiring that "Supporting and opposing affidavits shall be made *on personal knowledge,* shall set forth such *facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis added.) Obviously mere conclusions of ultimate fact as are permitted in pleadings and conclusions of law do not meet this test. 6 Moore's Federal Practice (2nd ed. 1953) § 56.22 at 2328, and cases there cited. We feel that the affidavit of the defendant, Dave MacMurtrie, falls short of these standards. A proper affidavit may require more effort than the pleadings themselves and should be prepared with as much care as if the affiant were testifying in court. The crucial function of the summary judgment as a final judgment on the merits of the case requires that the affidavit meet with the requirements of the rule.

While we stress here the burden of the moving party, the court will not normally look with indulgence upon a party who has presented neither evidentiary materials in opposition nor any reason for his failure to do so. 6 Moore's Federal Practice (2nd ed. 1953) § 56.23 at 2340. A party cannot sit idly by on the presentation of a motion for summary judgment which may well resolve the entire case and fail to urge his defense. State Automobile & Casualty Underwriters v. Engler, 90 Ariz. 321, 367 P.2d 665.

A minimum of caution on the part of the plaintiff or substantial compliance with Rule 56 on the part of the defendants may well have avoided this appeal. Although in this particular case we feel that there was no duty to file an opposing affidavit, the failure to do so in a slightly different set of circumstances might well endanger the rights of a litigant.

Because of the determinative effect of a summary judgment upon the rights of litigants, we feel the following words of caution are appropriate:

"We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt despatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which the courts have been established. Denial of a trial on disputed facts is worse than delay. * * * The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered." Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135.

The judgment of the trial court is therefore reversed.

STRUCKMEYER and LOCKWOOD, JJ., concur.