400 P.2d 121

**GREATER ARIZONA SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Petitioner,**

v.

**Judge Thomas TANG, Judge of Superior Court of Maricopa County, Arizona, Respondent.**

No. 8548.

Supreme Court of Arizona.

En Banc.

March 17, 1965.

Gust, Rosenfeld & Divelbess, by Frank E. Flynn, Phoenix, for petitioner.

J. William Moore, Phoenix, for respondent Arizona IXL Kitchens, Incorporated.

UDALL, Justice.

This is an original proceeding in Mandamus initiated by Greater Arizona Savings and Loan Association, hereinafter referred to as petitioner, against the Superior Court of Maricopa County and Judge Thomas Tang, hereinafter referred to as the court.

On June 12, 1963 the petitioner as plaintiff filed a complaint consisting of six causes of action in the Superior Court of Maricopa County against Arizona IXL Kitchens, Inc., and other defendants. The action was for the purpose of foreclosing a real estate mortgage executed by T & C Construction Company, Inc., and others, on certain real estate situated in Maricopa County to secure the payment of certain promissory notes executed by T & C Construction Company and others payable to petitioner.

Defendant IXL Kitchens filed an answer to the complaint. Thereafter petitioner filed a motion for summary judgment against defendant IXL Kitchens supported by a memorandum and affidavits upon the grounds that there is no genuine issue as to any material fact and that petitioner is entitled to judgment of foreclosure. At the oral hearing on the motion petitioner appeared by counsel and defendant IXL Kitchens appeared by counsel. Defendant IXL Kitchens failed to answer or respond to the motion for summary judgment as required by Rule of Civil Procedure, 56(e), 16 A.R.S. The court denied petitioner's motion for summary judgment. Thereafter petitioner sought a writ of mandamus from this Court to require the lower court to grant petitioner's motion for summary judgment. We granted an alternative writ of mandamus and the question now presented is whether petitioner is entitled to a writ of mandamus in this case.

Mandamus will issue to compel public officers, including judges of inferior courts, to perform an act which the law

specifically enjoins as a duty arising ·out of the office providing there is no other plain, speedy and adequate remedy at law. Rhodes v. Clark Dry Wall, 92 Ariz. 31, 373 P.2d 348 (1962); State v. Phelps, 67 Ariz. 215, 193 P.2d 921 (1948). However, if the act sought for be judicial in its character, this Court cannot command what the action should be, much less can it command how and what the said action shall be after the matter has been acted upon, no matter how erroneous. State v. Phelps, supra. It is fundamental that where, as here, the lower court has jurisdiction of the matter it has the power to determine and decide the matter which includes the power to decide it wrong as well as to decide it right. The test of jurisdiction is whether the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong. State v. Phelps, supra.

■ Proceedings of inferior tribunals within their jurisdiction in the exercise of the power confided in them cannot be revised or reviewed by mandamus. In State v. Phelps, supra, this Court said:

"It is not the province of the writ of mandate to control the power of decision, which belongs to nisi prius courts in the exercise of their jurisdiction. This court has no power to legislate and to allow appeals where none are allowed by statute. It is for these reasons that mandamus may not be resorted to in lieu of an appeal." 67 Ariz. at 222, 193 P.2d at 926.

The petitioner in this case cites the case of Martinez v. Coombs, 93 Ariz. 127, 379 P.2d 118 (1963) which held that a summary judgment is mandatory under rule 56(e) where the party opposing the judgment does not file affidavits in opposition to affidavits filed by the moving party. The petitioner thus contends that since in the case at bar the opposing party did not file affidavits in opposition to petitioner, it becomes mandatory for the trial court to grant petitioner's motion for summary judgment and if the court fails to do so mandamus should be a proper remedy.

■ This argument is without merit for two important reasons. First it should be noted that in Martinez that case was before this Court *on appeal* by the plaintiff after the lower court granted defendant's motion for summary judgment. Since that case was on appeal we considered the merits of the matter and determined as a matter of law that in that case summary judgment for the defendant was legally required and correct. We decided that the lower court in the exercise of its jurisdiction did not err. We did not nor could we by mandamus control the judicial act of the lower court in the exercise of its jurisdiction in deciding the motion for summary judgment in that case or any case.

**328**

However, on appeal to the merits of such a matter we can correct an erroneous decision by the trial court on a motion for summary judgment.

■ Second, it does not always follow that the mere failure of the opposing party to file controverting affidavits to a motion for summary judgment requires the granting of the motion for summary judgment. If the papers of the moving party fail to show that he is entitled to judgment as a matter of law, the opposing party need not file an opposing affidavit. Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963). In the case at bar the trial court may have felt that notwithstanding the failure of IXL Kitchens to file opposing affidavits to petitioner's motion for summary judgment, the petitioner was not entitled to summary judgment as a matter of law.

■ It should be noted that we have not examined the merits of the matter surrounding the denial of the petitioner's motion for summary judgment in this mandamus proceeding. To do so would warp or distort the remedy of mandamus in addition to creating in effect an appeal from a denial of a motion for a summary judgment which does not exist. Renck v. Superior Court of Maricopa County, 66 Ariz. 320, 18 P.2d 656 (1947). We do not speculate in this proceeding upon the reasons for the trial court's action in this case nor should anything said in this opinion be construed as a comment upon whether the trial court's decision in denying the petitioner's motion for summary judgment was correct.

The alternative writ of mandamus is quashed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concurring.