409 P.2d 600

**Fred HOBSON, dba Hobson Realty Company, Appellant,**

**v.**

**Alex F. ROBINSON and Marjorie Knell Robinson, his wife, and the Estate of Rulon Knell, deceased, and Esther S. Knell, Appellees.\***

**No. 1 CA–CIV 84.**

Court of Appeals of Arizona.

Jan. 4, 1966.

Rehearing Denied Jan. 19, 1966.

Review Denied Feb. 10, 1966.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8170. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

442

Charles M. Brewer, Phoenix, for appellant.

Leven B. Ferrin, Phoenix, for appellees.

STEVENS, Chief Judge.

This appeal is from a judgment for the defendants which judgment is based upon the granting of the defendants' motion for summary judgment. The law is well established that a motion for summary judgment may not be granted unless the record discloses:

"* * * that there is no genuine issue as to any material fact (and) that the moving party is entitled to a judgment as a matter of law."

Rule 56(c) as amended, Rules of Civil Procedure 16 A.R.S., National Life & Casualty Insurance Co. v. Mowre, 93 Ariz. 231, 379 P.2d 902 (1963).

Plaintiff Hobson as the payee of an installment promissory note in the principal sum of $15,000 filed suit seeking judgment for the claimed unpaid balance in the sum of $10,385 together with interest, costs and a reasonable attorney's fee. The note bore date of 18 January 1960. The defendants urged that by a writing executed by the same parties bearing the same date, it was agreed between the parties that the monthly payments on the note "will come from the payments" to be paid to the makers of the note from the buyers of the property out of the sale of which the $15,000 commission obligation arose.

■ This court does not pass upon the sufficiency of some of the affidavits or the admissability of the statements therein in evidence if it should be that the affiant is called as a witness. These questions are for the determination of the court upon the trial of the cause. Neither party urged any matters in relation to § 32–2152 A.R.S. and this opinion is written without regard to that section.

■ There is a conflict in the affidavits as to whether or not the makers of the note permitted the buyers of the property to become delinquent in their payments being the payments which were to be the source of the money with which the note was to be paid. Without deciding the legal effect of the inter-relationship between the note and the companion writing bearing the same date, it is our opinion that the conflict relative to whether or not the makers of the note permitted the land contract to become delinquent is a sufficient conflict to require the denial of the defendants' motion for summary judgment.

The order granting the defendants' motion for summary judgment and the judgment based thereon are reversed and this cause is reinstated with leave to the defendants to file their answer within 20 days from the date of the issuance of the mandate by this Court.

CAMERON and DONOFRIO, JJ., concurring.