414 P.2d 165

Amos H. CHENOWTH and La Dorna Chenowth, husband and wife, Appellants,

v.

Noel EPPERSON and Gilbert Thompson, Appellees.

No. 2 CA–CIV 170.

Court of Appeals of Arizona.

May 13, 1966.

Wes Polley, Bisbee, for appellants.

Gentry, McNulty & Toci, by Philip E. Toci, Bisbee, for appellees.

KRUCKER, Chief Judge.

The appellants, defendants below, appeal from a judgment entered in the Superior Court of Cochise County granting the appellees, plaintiffs below, summary judgment and awarding them damages in the amount of $787.00. The issue presented by this appeal is whether the record, considered at the time the motion for summary judgment was granted, shows that there was no genuine issue as to any material fact and, therefore, whether appellees were entitled to judgment as a matter of law. Pertinent facts are as follows:

On or about July 2, 1963, the United States of America filed a foreclosure action upon certain promissory notes and mortgages executed by appellants on a farm located near Elfrida, Arizona, to the Farmers Home Administration. Gilbert Thompson, one of the appellees in this action, was joined as a party defendant because of a second mortgage executed by appellants to Thompson on the subject farm. Noel Epperson, the other appellee in this action, was also joined in the answer filed by Thompson because of an interest he had purchased in the Thompson mortgage.

On or about May 5, 1964, judgment of foreclosure on the Farmers Home Administration mortgages and the Thompson second mortgage was entered by the U. S. District Court, District of Arizona. The United States Marshal was directed to sell the premises and on June 26, 1964, the property was sold to appellees.

During the statutory period for redemption while appellants were in possession of the property, appellees filed an action for a temporary restraining order and permanent injunction alleging that the appellants threatened to remove certain improvements and fixtures located on the property. The matter was heard December 17, 1964, and the court entered an order enjoining appellants from severing or removing any of the improvements, buildings, fixtures or any other items appurtenant to the premises. The appellants did not redeem the property and appellees became the owners thereof by virtue of a Marshal's deed executed on January 7, 1965.

On or about February 1, 1965, appellees filed an amended and supplemental complaint alleging ownership of the property by virtue of the Marshal's deed and that during the period for redemption the appellants unlawfully severed and/or took, carried away and converted certain fixtures and improvements appurtenant to the

real property. These items included corrals, well pumping units, an eight-inch outlet pipe and valve, 50 feet of six-inch discharge pipe, two 500-gallon tanks with gasoline pumps, and certain wire fences. Appellees asked that they be declared owners of these items and that a mandatory injunction issue compelling appellants to replace them or, in the alternative, for damages in the amount of $787.00. Appellants filed an answer denying that title to the items in dispute passed to appellees by the Marshal's deed and denying the sum of $787.00 as their reasonable value. Thereafter, appellees filed a motion for summary judgment with supporting affidavit and six exhibits, including copies of the mortgages executed by appellants, a certified copy of the judgment of foreclosure, the notice of the foreclosure sale, the certificate of purchase and the Marshal's deed. No controverting affidavits or response were filed to the motion for summary judgment. After a hearing on appellees' motion for summary judgment, held March 29, 1965, during which presentation was made by both parties, the court entered judgment granting summary judgment and decreeing appellees to be the owners of the property in question and awarding them damages in the sum of $787.00 as the replacement value of the property removed. The appeal is from this judgment.

It is urged that the affidavit and exhibits submitted by appellees in support of their motion for summary judgment do not make out a prima facie showing of conversion, do not establish appellees' damage in the amount of $787.00, and do not establish that appellees were entitled to judgment as a matter of law that the fixtures and improvements in question passed to appellees at the foreclosure sale.

Rule 56(c), Arizona Rules of Civil Procedure, 16 A.R.S., as amended, provides for the granting of summary judgment "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S., as amended provides:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

It is clear that the affidavit and documents supporting appellees' motion for summary judgment allege such facts that if proven at trial would establish a prima facie case as to ownership of the disputed items and their conversion. This having been done, it was then incumbent upon appellants to make a counter showing of facts creating an issue which, if proven at trial, would legally authorize a judgment in their favor. Wakeham v. Omega Construction Co., 96 Ariz. 336, 395 P.2d 613 (1964); Nyberg v. Salt River Project Agricultural I. & P. Dist., 91 Ariz. 397, 372 P.2d 727 (1962).

It has been held that "summary judgment is mandatory under this rule [Rule 56(e)] where the party opposing the judgment does not file affidavits in opposition to affidavits filed by the moving party, * * *." Martinez v. Coombs, 93 Ariz. 127, 129, 379 P.2d 118, 119 (1963), citing Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982 (1959). In Martinez v. Coombs, supra, the Arizona Supreme Court was required to construe Rule 56(e) prior to its amendment in 1963. However, the only change in the controlling language of the rule as construed in the Martinez case and as applicable to this issue before us was addition of the words "if appropriate" to the last sentence providing that if no response to a motion for summary judgment is made, summary judgment "shall be entered against him."

In the later case of Greater Arizona Savings and Loan Ass'n v. Tang, 97 Ariz. 325, 328, 400 P.2d 121, 123 (1965) citing Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963), the Arizona Supreme Court stated:

"* * * it does not always follow that the mere failure of the opposing party to file controverting affidavits to a motion for summary judgment requires the granting of the motion for summary judgment. If the papers of the moving party fail to show that he is entitled to judgment as a matter of law, the opposing party need not file an opposing affidavit."

We do not believe that the record in this case warrants the conclusion that appellees' motion for summary judgment failed to show that they were entitled to judgment as a matter of law. The affidavit and documents supporting the appellees' motion firmly indicate that they became owners of the realty "TOGETHER with the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining." (Quoted from Marshal's deed.) The three realty mortgages executed by appellants and foreclosed by the U. S. Government and attached as supporting documents to appellees' motion for summary judgment contain the following language after describing the mortgaged realty:

"* * * * together with all * * * easements, water rights, hereditaments and appurtenances thereunto belonging, including all improvements and personal property now or hereafter attached to or reasonably necessary to the use of the real property herein described, * * *

"* * * together with all rights, easements, hereditaments, water, water rights, water stock, wells, pumps, pumping plants, and equipment and all improvements now or hereafter made on said lands, and personal property now or hereafter attached to or reasonably necessary to the use of said lands, * * *

"* * * together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, * * * all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, all water, water rights, and water stock pertaining thereto, * * *"

■ We believe that appellees' motion for summary judgment with affidavit and supporting documents allege such facts that if proven at trial would establish a prima facie case as to ownership of the disputed items and their conversion. It therefore became the duty of appellants to come forward with controverting papers. Having failed so to do, the court properly granted summary judgment. Martinez v. Coombs, supra; Perez v. Tomberlin, supra.

■ We believe that the remaining issue not disposed of in this appeal regarding the value awarded appellees for replacement of the converted items was also properly granted. The court awarded judgment of $787.00 as the reasonable cost of replacing the disputed items based on appellees' affidavit. Since this was not controverted, such fact is presumed to be true. See Wakeham v. Omega Construction Co., supra; Mortenson v. Knight, 81 Ariz. 325, 305 P.2d 463 (1956).

In accordance with the foregoing, the judgment is affirmed.

HATHAWAY and MOLLOY, JJ., concur.