432 P.2d 139

**EASTWOOD ELECTRIC CO., an Arizona corporation, Appellant,**

v.

**R. L. BRANAMAN CONTRACTOR, INC., an Arizona corporation, and General Insurance Company of America, a Washington corporation, Appellees.**

No. 8449.

Supreme Court of Arizona.

In Division.

Sept. 27, 1967.

Ira S. Broadman, Phoenix, for appellant.

Chester J. Peterson, Phoenix, Christy, Kleinman, Peterson, Hoyt & Fuller, Phoenix, for appellees.

UDALL, Justice.

The appellant, Eastwood Electric Company, an Arizona corporation, plaintiff below, hereinafter referred to as "plaintiff", filed suit on an account for the sum of $1,117.29. Appellee Branaman Contractor Inc., one of the defendants below, hereinafter referred to as "defendant", by way of answer set up a written contract, alleged full compliance therewith and claimed damages against the plaintiff for work performed and materials furnished by defendant Branaman, and for overpayment made to plaintiff.

The matter was determined on defendant's motion for summary judgment. The only issues raised before the trial court were whether the pleadings, depositions, and admissions on file, together with the affidavits executed by defendant, would show there was no genuine issue of any material fact which would indicate that defendant was entitled to judgment as a matter of law.

Briefly stated the facts are that on the 28th of November 1961 the parties entered into a written subcontract whereby plaintiff agreed to furnish materials and perform work in accordance with the terms of the subcontract in construction and improvements to be made on the Kon Tiki Motel at Phoenix, Arizona, and on El Ranch Motel in Seligman, Arizona; that in accordance with the terms of the subcontract the defendant agreed to pay to the plaintiff the sum of $45,000.00.[1]

In plaintiff's complaint it is alleged that defendant was indebted to plaintiff for materials furnished and labor performed on Kon Tiki Motel in excess of contract in the sum of $835.67, and that defendant was indebted to plaintiff for materials furnished and labor done on El Rancho Motel in excess of contract in the sum of $281.62, making a total due to plaintiff of $1,117.29.

The defendant filed an answer on October 4, 1962, alleging that the contract made by the parties had been fully complied with and that defendant had paid the plaintiff $45,192.55.[2]

Defendant also filed a counterclaim alleging that in reference to the Kon Tiki job the defendant had performed labor of a value of $718.90 which should have been done by plaintiff; that under the terms of the contract the plaintiff had agreed to furnish, at its expense, lighting fixtures [L-16 through L-23] for the Kon Tiki job; that plaintiff billed the defendant for said light fixtures in the amount of $4,264.70 and that by inadvertence and mistake the defendant paid plaintiff the sum of $4,264.70, which was not due under the contract, making a total of $4,983.60 due the defendant from plaintiff on the Kon Tiki job by reason of the overpayment to plaintiff; that in reference to the second claim, El Rancho Motel job, defendant acknowledged he was overpaid by plaintiff and is indebted to plaintiff in the sum of $125.02. In the counterclaim defendant prayed for judgment against the plaintiff for the sum of $4,858.58.

---

1. Exhibit A, in pertinent part, reads as follows:

"THIS AGREEMENT, made this 28th day of November 1961, by and between Eastwood Electric hereinafter called the 'sub-contractor', and R. L. Branaman Contractor, Inc., hereinafter called the 'contractor',

"WITNESSETH:

"That the 'sub-contractor' and 'contractor', for the consideration hereinafter named, agree as follows:

*Section 1:* The 'contractor' agrees to furnish all materials and perform all work * * * for Kon Tiki Inn, for Charles Alexander and Wayne Romney, referred to as 'owners'.

* * * * *

"In accordance with the general conditions of the contract between the owner and the contractor and in accordance with the supplementary general conditions, the drawings and specifications prepared by * * * the architect, *all of which general conditions, drawings and specifications,* signed by the parties thereto or identified by the architect, form a part of a contract between the contractor and the owner dated November of 1961, and hereby becomes a part of this contract."

*Section 4:* The 'contractor' agrees to pay the 'sub-contractor' for the performance of his work the sum of,—time and material, plus ten percent,—not to exceed $45,000.00.

* * * * *."

2. Exhibit B, in pertinent part, consists of six checks dated between December 6, 1961 and June 12, 1962, and made payable to the plaintiff and executed by the defendant for the total sum of $45,192.55.

The plaintiff, by the way of a defense to the counterclaim, alleged that the fixtures numbered L-16 through L-23, as set forth in the allegations of paragraph 3 of said counterclaim, were not a part of the contract; that the same were extra over and above and in addition to the materials which were the subject of the contract, and the plaintiff prayed that the counterclaim be dismissed.

Thereafter, on the 15th day of November 1963, the deposition of defendant R. L. Branaman was taken, in which defendant testified he performed labor in reference to the Kon Tiki job that was to have been furnished by plaintiff; that thereafter defendant billed the plaintiff for the sum of $718.90 for the labor so performed but that the plaintiff refused and neglected to pay defendant said sum or any part thereof.

On or about the 18th of February, 1966, defendant Branaman filed an affidavit in the cause in which he stated, under oath, that under the plans and specifications which were attached as Exhibit "A" to the contract, the plaintiff agreed to furnish at its expense lighting fixtures L-16 through L-23 as a part of the contract; that in addition the defendant did a portion of the electric labor required under the contract to be done by plaintiff in the amount of $718.90; that plaintiff billed the defendant for said lighting fixtures in the amount of $4,719.10 rather than $4,264.-70 as alleged in the counterclaim; that defendant, not realizing these items had been included in the invoices submitted by plaintiff to defendant, made payment of the same; that defendant overpaid plaintiff in the sum of $5,438 for the two items above set out. It was further stated in the affidavit that in reference to El Rancho Motel job the defendant had been overpaid in the sum of $125.02 and that defendant was indebted to plaintiff for said sum of $125.02.

No affidavits were filed by the plaintiff in opposition to those filed by the defendant, nor did plaintiff deny the pertinent matters stated in defendant's deposition or in defendant's verified counterclaim.

## MOTION FOR JUDGMENT

On February 19, 1964, defendant Branaman filed his motion for summary judgment on all issues raised by plaintiff's complaint and the defendant's answer, and for summary judgment in the sum of $5,312.98 on the counterclaim, on the grounds there existed no dispute as to any material fact and that defendant is entitled to judgment as a matter of law.

The plaintiff, by way of a reply to the motion for summary judgment, moved "that the court enter an order denying the motion upon the grounds and for the reasons that the pleadings, affidavits and depositions on file herein clearly indicate that there are several genuine issues of fact to be determined before judgment may be rendered, as more fully set forth in the memorandum of points and authorities attached hereto."

Thereafter, a hearing was had on defendant's motion for summary judgment and the trial court entered an order for summary judgment, setting forth his findings as follows:

That the answer and counterclaim of the defendant was verified, whereas the answer to the counterclaim was not verified; that defendant's testimony given in his deposition under oath was not refuted nor were the affidavits of the defendant filed in the cause denied under oath by the plaintiff; that if there were ambiguities in the written contract by reference to plans and specifications and by reason of deletions which were initialed, these were interpreted by the defendant and there are no affidavits controverting his interpretations; that the labor and materials which defendant furnished and which he asserts were a part of the obligation of the plaintiff under the contract set forth under defendant's affidavit, or in his deposition, is a matter which is not disputed under oath; that there was no showing of personal knowledge relative to the contract or its performance which would qualify Mr.

Offerman, who verified the complaint on behalf of the plaintiff, to testify as a witness in relation to the matters which the defendant stated under oath; that the testimony of defendant Branaman, under oath, indicates that he and the plaintiff Eastwood were the persons charged with this matter in relation to the respective interests of the parties to the action; and that the facts established under oath all favor defendant in his defense and counterclaim, and are not controverted under oath as required by the rules.

## JUDGMENT

The court rendered judgment that plaintiff take nothing by virtue of its complaint and that defendant R. L. Branaman Contracting, Inc., be granted judgment against the plaintiff on its counterclaim for the sum of $5,312.98.

On appeal plaintiff makes four assignments of error, and since they all pertain to the question of the court granting summary judgment in favor of defendant they will be considered together. In general language plaintiff contends the court erred for the following reasons:

"That the defendant failed to furnish the Court with the complete writing upon which its motion was based;

"That the Court erred in accepting in lieu of the written agreement, appellee's interpretation of the terms and provisions, as set forth in appellee's affidavits and as is set forth in the testimony of R. L. Branaman in his deposition;

"That the Court erred in granting defendant's claim arising out of alleged back-charge items, since there was nothing in the record to support an award for back-charge items which were not contained in the provisions of the contract itself, and

"The Court was in error in granting the summary judgment wherein the claim for refund of moneys which were allegedly overpaid to the plaintiff could not have been determined by the Court by the pleadings, the deposition of the de-

fendant, and the affidavits filed by defendant."

We find that the plaintiff, in his pleadings, had not properly complied with the expected response pursuant to the provisions of Rule 56(c) of the Rules of Civil Procedure, 16 A.R.S., which reads in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law."

for here the plaintiff did not set forth facts showing that there was a genuine issue for trial. It will be noted in plaintiff's reply to the motion for summary judgment the plaintiff simply states that the pleadings, affidavits, and depositions on file clearly indicate there are several issues of fact to be determined before judgment may be rendered. Thus the plaintiff, in its pleading, does not set forth any specific fact showing there is a genuine issue for trial. The plaintiff also fails to respond by way of affidavits and other verified pleadings which set forth facts that in any way defends against defendant's motion for summary judgment.

From the pleadings, the deposition of the defendant, and the affidavits filed by defendant, it is clearly established that the facts are undisputed in reference to the following propositions:

There was a written contract between the parties;

The plaintiff was paid the sum of $45,000, which was the payment in full for the contract.

The defendant did furnish labor for which he was entitled to back-charge the plaintiff; that plaintiff was obligated to repay the defendant for this item and that there was no affidavit controverting the fact it was payable to defendant under the contract.

That the deposition and affidavit of defendant established that the plans and specifications call for fixtures 1-16 through L-23, to be supplied by the plaintiff under the contract, * * * for the construction of Kon Tiki Motel. The testimony in the deposition together with defendant's affidavits establish of record the amount due the defendant. This testimony was not controverted by the plaintiff.

 This Court has held that where facts are set forth in an affidavit, in support of a motion for summary judgment, and said facts are not controverted, they are presumed to be true. Mortensen v. Knight, 81 Ariz. 325, 305 P.2d 463. Arizona Revised Statutes, Rule 56(e) of the Rules of Civil Procedure provides in pertinent part that:

" * * * The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him."

In Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187, we said:

" While we stress here the burden of the moving party, the court will not normally look with indulgence upon a party who has presented neither evidentiary materials in opposition nor any reason for his failure to do so. 6 Moore's Federal Practice (2nd ed. 1953) § 56.23 at 2340. A party cannot sit idly by on the presentation of a motion for summary judgment which may well resolve the entire case and fail to urge his defense. State Automobile & Casualty Underwriters v. Engler, 90 Ariz. 321, 367 P.2d 665. "

We have held that summary judgment is mandatory where the party opposing the judgment does not file affidavits in opposition to the affidavits filed by the moving party, unless the papers of the moving party fail to show he is entitled to judgment as a matter of law. Greater Ariz. Savings & Loan Ass'n v. Tang, 97 Ariz. 325, 400 P.2d 121; Martinez v. Coombs, 93 Ariz. 127, 379 P.2d 118; Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982.

It is clear that the trial court was justified in granting summary judgment in favor of the defendant in this case. The facts established by the verified answer and counterclaim, by the deposition and affidavits of defendant, show that defendant Branaman is entitled to judgment as a matter of law against the plaintiff for the sum of $5,312.98.

Judgment affirmed.

McFARLAND, V. C. J., and LOCKWOOD, J., concur.