486 P.2d 213

**Andrew J. EVANS and Mary R. Evans, husband and wife et al., Appellants,**

v.

**Harry F. DISE, Appellee.**

**No. 1 CA–CIV 1401.**

Court of Appeals of Arizona,
Division 1.

June 24, 1971.

Review Denied Sept. 28, 1971.

Lawrence C. Cantor, Phoenix, for appellants.

H. M. Bohlman, Tempe, for appellee.

KRUCKER, Chief Judge.

Appeal from the granting of a summary judgment in favor of the plaintiff-appellee in a proceeding for foreclosure, attorney's fees and costs, on a mortgage on real property. The parties will hereinafter be referred to as they appeared below.

The defendants' answer here admitted that the property which was the subject of the mortgage was in Maricopa County, but denied all other allegations of the complaint. The defendants' answer contained an allegation that if any interest or principal was due from the defendants to the plaintiff it was usurious.[1] In answer to the plaintiff's interrogatories, the defendants admitted executing a promissory note at 8% interest and a mortgage on the property in question to the Phoenix Mortgage Company; making certain payments on the note; and that the note and mortgage provided for reasonable attorney's fees and certain costs. The plaintiff filed a motion for summary judgment which was supported by an affidavit of the plaintiff, which stated that the plaintiff had purchased the mortgage on the subject property and received the note involved at that time and that he had received no interest payments on the note since June, 1968, with principal of $2400 due from March 15, 1968, and interest due from June 15, 1968.

Copies of the note, mortgage and assignment of mortgage were filed supporting the motion. The defendants took the

---

1. Interest in excess of 8% per annum was usurious in Arizona at the time of the execution of the note here. A.R.S. Sec. 44–1202.

plaintiff's deposition at which time the plaintiff explained that he had bought the mortgage in question from the Phoenix Mortgage Company, which collected the principal and interest payments and paid the plaintiff these amounts, less collection fees. The Phoenix Mortgage Company had guaranteed the payment of these amounts to the plaintiff, but apparently had gone out of business prior to this litigation. At the deposition, the defendants made the plaintiff's payment records an exhibit. The plaintiff stated in his deposition that $2400 in principal due March 15, 1968, had not been paid.

1. The defendants filed no response to the motion for summary judgment, no controverting affidavits and no other depositions. The motion for summary judgment was granted and the defendants filed no objection to the form of the judgment filed by the plaintiff. After entry of the summary judgment in favor of the plaintiff on February 19, 1970, the defendants filed a motion to set aside the judgment on March 24, 1970, stating as grounds for the motion only that the answers to interrogatories and the deposition here "clearly show that there is a genuine issue of law and fact."

The single issue here is whether or not the trial court erred in granting the plaintiff's motion for summary judgment in view of the record as described above.

On appeal from the granting of a summary judgment, the record will be viewed in a light most favorable to the party opposing summary judgment (defendants here). Pitzen's Wig Villa v. Pruitt, 11 Ariz.App. 332, 464 P.2d 652 (1970). In considering a motion for summary judgment, the trial court is required to consider the pleadings, interrogatories and answers thereto, admissions, depositions and affidavits in the record. Pitzen's Wig Villa v. Pruitt, supra. Where facts set forth in an affidavit in support of a motion for summary judgment are not controverted, they are presumed true for purposes of the ruling on the motion. Eastwood Elec. Co. v. R. L. Branaman Contractor, Inc., 102 Ariz. 406, 432 P.2d 139 (1967); Pitzen's Wig Villa v. Pruitt, supra. The *Eastwood Elec Co.* case holds that under Rule 56(e), Rules of Civil Procedure, 16 A.R.S.,[2] summary judgment is mandatory where the party against whom summary judgment is sought fails to properly respond to the motion for summary judgment unless the party seeking summary judgment fails to show he is entitled to summary judgment as a matter of law. The theory of this last holding in *Eastwood Elec. Co.* is that the party opposing

2. The *Eastwood* case was apparently decided under Rule 56(e), supra, as it existed prior to its amendment, but the amended rule can be harmonized with the holding in *Eastwood*. The amended rule, under which the instant case is decided, reads as follows:

"Form of affidavits; further testimony, defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), as amended, Rules of Civil Procedure, 16 A.R.S.

The language "if appropriate" can be equated with the condition in *Eastwood* that the moving party must "show he is entitled to judgment as a matter of law. [Citations omitted]" Eastwood Elec. Co. v. R. L. Branaman Contractor, Inc., supra. *See*, Pitzen's Wig Villa v. Pruitt, supra; Commercial Engineering Corp. v. Madison Chevrolet, Inc., 10 Ariz.App. 529, 460 P.2d 200 (1969).

summary judgment " 'cannot sit idly by on the presentation of a motion for summary judgment which may well resolve the entire case and fail to urge his defense. [Citation omitted]' " Eastwood Elec. Co. v. R. L. Branaman Contractor, Inc., 102 Ariz. 406, 432 P.2d 139 (1967).

When the party moving for summary judgment makes a *prima facie* showing that there is no genuine issue as to any material fact, the party opposing such a motion has the burden of producing sufficient evidence of such an issue of fact and showing that there is such evidence available "which would justify a trial of the issue. [Citation omitted]" Robbins Investment Co. v. Green Rose Associates, Inc., 8 Ariz. App. 596, 448 P.2d 440 (1968).

In defendants' brief here, it is contended that a portion of the plaintiff's deposition (which was taken by defendants) "indicates a dispute of fact as to payments and as to what is owed, if anything * * *." [3] We have examined the record here and conclude that the portion of the deposition pointed out by defendants did not raise a genuine issue of fact in the court below. The plaintiff's testimony at that point merely explained what payments he had received from defendants. When this testimony is compared with the defendants' answers to interrogatories, it becomes clear that the defendants had paid interest and principal substantially as called for by the note to March 15, 1968. The $2400 was due at this point. There was one additional interest payment of $48 made in June, 1968, but this appears to be the one due

March 15, 1968. By this testimony, the plaintiff showed what had been paid. The defendants' answers to interrogatories indicate that they believe that their interest payments should apply against the principal, which, on the basis of the record, is not justified.

■ Additionally, the defendants' brief urges that they have shown the existence of a genuine issue of fact as to usury. [4] It is true that the payments the defendants state they made in the answers to interrogatories do exceed 8% of the principal balance remaining at the time of the interest payments by small amounts (varying from $.50 to $6.08), but the defendants at no place in this record either explain or urge that these payments are usurious interest payments. It is entirely conceivable that these excesses were collection charges or late fees. [5] We do not feel constrained to hold that the indication in the answers to interrogatories of these small excess amounts, without either explanation or allegations that they were usurious interest, constitute specific facts showing the existence of a genuine issue of fact. This is to say that these small amounts in excess of the 8%, which were before the trial court as answers to interrogatories and were not embellished upon in any way by the defendants, will not be allowed to thwart the purposes of Rule 56(e), as amended, supra, and the cases interpreting that rule. [6]

Here, the plaintiff made at least a *prima facie* showing of no genuine issue of fact and the defendants failed to properly respond to the plaintiff's motion for summary

3. This is the first time the defendants have specified in any degree what facts they contend show genuine issues for trial.

4. Again, this is the first time the defendants have specified what facts showed an alleged genuine issue for trial.

5. In Modern Pioneers Ins. Co. v. Nandin, 103 Ariz. 125, 437 P.2d 658 (1968), our Supreme Court quoted its statement in Grady v. Price, 94 Ariz. 252, 383 P.2d 173 (1963), that lenders may charge borrowers "reasonable fees for services rendered in connection with the loan, or

require reimbursement of expenses incurred. * * *" over and above the highest legal rate of interest. The *Modern Pioneers* case points out that *Grady* does not allow the lender to charge the borrower with the lender's ordinary overhead expenses.

6. The transcripts of the hearings on the motion for summary judgment and the motion to set aside have not been filed with this court on appeal so we have no way of knowing the theories advanced by the defendants, if any, in regard to facts showing a genuine issue for trial.

judgment and, consequently, did not carry their burden of proving the existence of a genuine issue of material fact. Also, the grounds of the defendants' motion to set aside the summary judgment, as set out above, fail of the specificity required by Rule 56(e), as amended, supra. The trial court's granting of the motion for summary judgment was eminently correct and that judgment is affirmed.

HOWARD and HATHAWAY, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120, subsec. E.