613 P.2d 281

**Robert E. GOSNELL and Gosnell Corporation, an Arizona Corporation, Appellees,**

v.

**CITY OF PHOENIX, a Municipal Corporation; and Paul Wenner, Acting City Tax Collector of the City of Phoenix, a Municipal Corporation, Appellants.**

No. 14674.

Supreme Court of Arizona, En Banc.

June 9, 1980.

Rehearing Denied July 1, 1980.

Andy Baumert, City Atty. by Philip M. Haggerty, Asst. City Atty., Phoenix, for appellants.

Lewis & Roca by Charles Crehore, Paul G. Ulrich and Judith E. Sirkis, Phoenix, for appellees.

HAYS, Justice.

This appeal arises out of a summary judgment granted in favor of plaintiff-ap-

pellee, Robert E. Gosnell. Taking jurisdiction pursuant to 17A A.R.S. Civil Appellate Proc. Rules, rule 19(e), we reverse.

Appellee is the owner of certain real property located within the city of Phoenix. The realty was leased to various tenants from January 1974 to December 1976, and a Privilege License tax was paid upon the rental income. On July 20, 1977, appellee received a written Notice of Audit Assessment informing him that defendant-appellant, the City of Phoenix, had audited his accounts and alleging a tax deficiency of approximately $6000. The manner in which the assessment was conducted has given rise to the instant dispute.

For over 20 years, the function of auditing License Tax returns has been performed by appellant's assessor or treasurer-assessor without public challenge. Pursuant to this custom, the review of appellee's return was accomplished in 1977 by Paul Wenner, the City Treasurer. Appellee, however, claims that only the "City Tax Collector" is permitted to assess the License Tax and cites the Phoenix City Code in support.

Article I, § 14–23 of the Code states:

If a taxpayer fails to file a return, or if *the Collector* is not satisfied with the return . . ., he may examine the return, . . . or examine the records of the taxpayer . . . and recompute and re-examine the amount required to be paid . . . . (emphasis added).

Section 14–1 of the enactment defines the term "Collector" as "The City Tax Collector."

Based upon this language, appellee would have us hold that only a public official who has been formally designated as "City Tax Collector" may permissibly audit the tax rolls and that the instant assessment, having been performed by the City Treasurer, is thereby invalid. We, however, are not inclined to adopt this overly technical construction of the legislation at bar. We do not believe that mere use of the term "Collector," without more, was intended to implicitly create a new city agency or position. Further examination of the Code

reveals that, in the past, legislative intent to create new departments or offices has been achieved through specific enactment. Article I, § 2–18, for example, states: "There shall be a City Clerk Department headed by a City Clerk . . . ." Further sections of the Code, moreover, utilize identical language in establishing eighteen other branches of local government. *See* Article I, §§ 2–19 through 2–37. No similar language of creation is discovered in the Tax Collector provisions. With this in mind, we are not persuaded that, if a separate "City Tax Collector" was intended, the Council would have adopted the unique method of formation urged upon us by appellee. "Courts will not read into a statute," we have said, "something which is not within the manifest intent of the legislature as gathered from the statute itself (citation omitted)." *State ex rel. Smith v. Bohannan*, 101 Ariz. 520, 524, 421 P.2d 877, 881 (1966).

Appellee cites *Trustees of St. Paul Methodist Episcopal Church South v. District of Columbia*, 212 F.2d 244 (D.C. Cir. 1954); *Atchison, T. & S. F. Ry. v. Elephant Butte Irr. Dist. of New Mexico*, 110 F.2d 767 (10th Cir. 1940); *Southern Pacific Co. v. Pima County*, 38 Ariz. 11, 296 P. 533 (1931) and *Public Service Co. of Oklahoma v. Parkinson*, 192 Okl. 607, 143 P.2d 125, *cert. denied*, 320 U.S. 776, 64 S.Ct. 90, 88 L.Ed. 465 (1943), as authority for the principle that property may be lawfully assessed solely by the formally designated official. What was said in those cases, however, is not determinative of the issue at bar. Unlike those courts, we are not here concerned with a legislative mandate delegating the assessment function to an *existing*, specifically-named institution. In the case *sub judice*, until February 14, 1978, Phoenix had no appointed "City Tax Collector."

Appellee's final allegation concerns a different City Code provision. Approximately three weeks after receipt of the Notice of Audit Assessment, appellee, pursuant to Article I, § 14–29(c), petitioned the City Auditor for a hearing and redetermination of the alleged tax deficiency. Appellee subse-

quently received written notice of the time and location of the scheduled hearing on Phoenix Treasury Division letterhead and signed by Paul Wenner, City Treasurer. Relying upon § 14–29(c), *supra*, appellee contends that only the City Auditor may schedule and notify the taxpayer of the redetermination proceedings. That section states, in pertinent part:

> Any person from whom an amount of tax or penalty or interest . . . is determined to be due under this Article . . . may apply to the City Auditor by written petition . . . for a hearing, correction or redetermination of the action taken by the Collector. . . . The City Auditor shall promptly consider the petition and shall grant a hearing, if requested.

■ Assuming, without deciding, however, the legal validity of appellee's contention, the record before us does not support a finding that the hearing was scheduled by one other than the requisite official. The uncontested affidavit of Dan R. Valdivia, the City Auditor of Phoenix, established clearly the scheduling of the redetermination hearing by the appropriate office. Appellee's point is not well taken.

We therefore hold that although the trial court correctly found the absence of any genuine issue of material fact, 16 A.R.S. Rules of Civil Procedure, rule 56(c), as a matter of law the court incorrectly interpreted the governing legislation. The order granting appellee's motion for summary judgment is vacated and it is hereby ordered that judgment be entered in favor of appellant, the City of Phoenix. *Cf. Greater Arizona Savings & Loan Assn. v. Tang*, 97 Ariz. 325, 400 P.2d 121 (1965).

Reversed and remanded for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.