138 P.3d 1197

**Douglas FRY and Dawn Fry, Petitioners–Appellees,**

v.

**Steffani GARCIA, Respondent–Appellant.**

**No. 1 CA–CV 05–0663.**

Court of Appeals of Arizona, Division 1, Department D.

July 3, 2006.

Chester R. Lockwood, Jr., Attorney at Law By Chester R. Lockwood, Jr., Prescott, Attorneys for Petitioners–Appellees.

Collins & Collins, LLP By C. Robert Collins, Phoenix, Attorneys for Respondent–Appellant.

## OPINION

KESSLER, Judge.

¶ 1 Steffani Garcia ("Mother") appeals from the superior court's denial of her motion for relief from judgment pursuant to Arizona Rules of Civil Procedure 60(c) ("Rule 60(c)"). The primary issue presented is whether the superior court loses authority to rule on grandparent visitation petitions when such authority is based on the child being born out of wedlock, but the parents subsequently marry. We hold that in that circumstance the superior court retains authority over the grandparent visitation matter. Accordingly, the superior court properly denied Mother's Rule 60(c) motion on this and the other grounds asserted.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Due to the complicated procedural history, we set forth only those facts which are relevant to this decision. Mother and Benjamin Fry ("Father") had a child out of wedlock in 2001. Douglas and Dawn Fry ("Grandparents") are the child's paternal grandparents. Grandparents filed a petition to establish grandparent visitation in Yavapai County in May 2002. At that time, Mother and Father were not married.

¶ 3 After reaching an initial agreement through mediation, which was approved by the court, Grandparents filed a second request for mediation in March 2004. By this time, Mother and Father had married, although a dissolution proceeding was pending in Maricopa County. The parties proceeded with mediation in Yavapai County and agreed upon a specific grandparent visitation schedule, which the superior court approved.

¶ 4 Grandparents subsequently sought to enforce the visitation order and Mother filed

a Rule 60(c) motion to set aside that order based in part on an alleged misrepresentation by Grandparents' counsel. The superior court denied Mother's Rule 60(c) motion, finding it was untimely and did not meet the criteria for granting relief. Subsequently, the court ordered the grandparent visitation matter transferred to the Superior Court in Maricopa County to be heard in connection with the dissolution proceedings.

¶ 5 Mother filed a timely notice of appeal from the order denying her Rule 60(c) motion. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(C) (2003).

## DISCUSSION

¶ 6 Mother presents two issues on appeal. The first issue is whether pursuant to A.R.S. § 25–409(A)(3) (Supp.2005), the superior court is divested of jurisdiction over a grandparent visitation issue when the parents of a child born out of wedlock subsequently marry. Mother's argument is a question of law that we review de novo. *See In re Marriage of Crawford*, 180 Ariz. 324, 326, 884 P.2d 210, 212 (App.1994) ("Subject matter jurisdiction is a question of law; our review is therefore de novo."); *Blum v. State*, 171 Ariz. 201, 204, 829 P.2d 1247, 1250 (App.1992) (questions of statutory construction are issues of law for which our review is de novo).

■ ¶ 7 Mother's second issue is whether the superior court erred in denying her Rule 60(c) motion based on alleged misrepresentations of opposing counsel. We review the denial of a motion for relief from judgment

for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985).

## Jurisdictional Issue

■ ¶ 8 The superior court denied Mother's Rule 60(c) motion, which asserted in part that the court had lost subject matter jurisdiction over the grandparent visitation issue once the parents had married. When Grandparents filed their initial request for visitation, Mother and Father were not and had never been married and no paternity action was pending. One of the prerequisites to granting grandparent visitation is that the child is born out of wedlock. *See* A.R.S. § 25–409(A)(3).[1] It is undisputed the child was born out of wedlock. Thus, when the visitation petition was filed, section 25–409(A)(3) provided the superior court with authority to consider and possibly grant the petition. It is undisputed that the child was born out of wedlock and for purposes of section 25–409(A)(3), that fact does not change by the parents later marrying. Thus, the court had authority under the statute at all times to grant a petition for grandparent visitation.

■ ¶ 9 Mother claims that once she and Father later married, the superior court lost "jurisdiction" to grant Grandparents visitation. Regardless of whether we view Mother's argument as contending the court lost subject matter jurisdiction or simply jurisdiction in the sense of statutory authority to provide Grandparents relief, we disagree with Mother's argument.[2] For a statute to

---

1. Two alternative statutory prerequisites are: (1) the marriage of the child's parents has been dissolved for at least three months and (2) one parent has been missing or deceased for at least three months. A.R.S. § 25–409(A). Neither of these bases applied here. In any event, the superior court must also base any decision on such visitation on the best interests of the child. *Id.*

2. There are three types of jurisdiction: subject matter jurisdiction, personal jurisdiction and jurisdiction to render a particular judgment. *Sil-Flo Corp. v. Bowen*, 98 Ariz. 77, 81, 402 P.2d 22, 25 (1965). Subject matter jurisdiction is the " 'power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise

of that power.' " *Id.* (quoting *Foltz v. St. Louis & S.F. Ry. Co.*, 60 F. 316, 318 (8th Cir.1894)). Jurisdiction does " 'not relate to the right of the parties ... but to the power of the court ... [it] is an abstract inquiry, not involving the existence of an equity (right) to be enforced, nor of the right of the plaintiff to avail himself of it if it exists. It precedes these questions....' " *City of Phoenix v. Rodgers*, 44 Ariz. 40, 48–49, 34 P.2d 385, 388–89 (1934) (citation omitted). If a court has subject matter jurisdiction, it has the power to determine and decide the matter in the first instance which includes the power to decide it correctly or incorrectly. "The test of jurisdiction is whether the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong." *Greater Arizona*

divest the superior court of jurisdiction, even in the broader sense of authority to act, the legislature must declare its intent to create divestiture "explicitly and clearly." *See Daou v. Harris,* 139 Ariz. 353, 356–57, 678 P.2d 934, 937–38 (1984) (non-jurisdictional statute requiring referral of medical malpractice claims to medical review panel did not divest trial court of "jurisdiction" to enter a default judgment for failure to timely answer complaint under appropriate rules of civil procedure). The statutory scheme here does not state that the superior court will lose authority over on-going grandparent visitation petitions if the parents of a child born out of wedlock subsequently marry. If the legislature intended such a divestiture, it could have so provided.

■ ¶ 10 We also must reject Mother's argument to the extent it contends the superior court lost subject matter jurisdiction once the parents married. This is because "jurisdiction is established at the time of filing of the lawsuit and cannot be ousted by subsequent actions or events." *Resolution Trust Corp. v. Foust,* 177 Ariz. 507, 517, 869 P.2d 183, 193 (App.1993) (citations omitted); *see also State v. Howell,* 107 Ariz. 300, 301, 486 P.2d 782, 783 (1971) ("Jurisdiction depends upon the state of affairs existing at the time it is invoked ... and once having attached is not lost by subsequent events.") (citations omitted). "Ordinarily, a court that has acquired jurisdiction of a case cannot be deprived of jurisdiction by subsequent events in the course of its proceedings, even if those subsequent events would have prevented jurisdiction from attaching in the first place." 20 Am.Jur.2d *Courts* § 111 (1995) (internal footnotes omitted).

■ ¶ 11 Arizona public policy favors retention of jurisdiction rather than divestiture. *See Pritchard v. State,* 163 Ariz. 427, 430, 788 P.2d 1178, 1181 (1990) ("[A] presumption exists in favor of retention of jurisdiction, and a

divestiture of jurisdiction cannot be inferred but must be clearly and unambiguously found.").

¶ 12 Based on these principles, the parents' subsequent marriage did not divest the superior court of jurisdiction, in the sense of subject matter jurisdiction or authority, over the on-going grandparent visitation issue. Thus, the superior court properly denied Mother's Rule 60 motion on this ground.

### Timeliness of Rule 60(c) Motion

■ ¶ 13 Mother also contends that Grandparents' counsel misrepresented the law when counsel told her that she had to agree to allow Grandparents access to the child. A Rule 60(c) motion based on the misrepresentations or misconduct of the other party under subsection (3) of the rule must be filed within six months of the judgment. *See* Rule 60(c) ("The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken.")[3] The superior court correctly denied this portion of the Rule 60 motion as time-barred because Mother did not file the motion within six months from the court's last order granting grandparent visitation.

### Attorneys' Fees On Appeal

¶ 14 Mother requests an award of attorneys' fees on appeal pursuant to A.R.S. § 25–324 (2000). Grandparents also request an award of fees pursuant to § 25–324 and claim that an award of fees should be imposed against Mother's attorney under Arizona Rule of Civil Appellate Procedure ("AR-CAP") 25 due to the frivolous nature of the appeal. The issue regarding the parents' marriage after a grandparent visitation order, however, is one of first impression and therefore, not clearly without merit. Although Mother's claim for relief from judg-

---

*Savings and Loan Ass'n v. Tang,* 97 Ariz. 325, 327, 400 P.2d 121, 123 (1965).

**3.** Mother contended below that her motion was based upon Rule 60(c)(6). A motion under that subsection of the rule is not required to be filed within six months of the order. However, a Rule 60(c)(6) motion cannot be premised on a ground

provided for by the first five subsections of the rule. *Birt v. Birt,* 208 Ariz. 546, 551, ¶ 22, 96 P.3d 544, 549 (App.2004). Mother's motion was premised on an alleged misrepresentation by opposing counsel, a ground provided for by subsection (3) of the rule.

ment based on Grandparents' counsel's alleged misrepresentations was untimely, in the exercise of our discretion we deny all requests for attorneys' fees on appeal

## CONCLUSION

¶ 15 We affirm the order denying Mother Rule 60(c) relief. Grandparents may seek their taxable costs on appeal by complying with ARCAP 21.

CONCURRING: PATRICIA A. OROZCO and JOHN C. GEMMILL, Judges.

