NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CAROLYN MORGAN, *Petitioner/Appellant*,

*v.*

IMAN ALI and KAYSAN MORGAN, *Respondents/Appellees*.

No. 1 CA-CV 16-0580 FC
FILED 7-25-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-001663
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Cantor Law Group, P.L.L.C., Phoenix
By Nicholas Boca
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Patricia K. Norris[1] joined.

---

**W I N T H R O P**, Judge:

**¶1**        Carolyn Morgan ("Appellant") appeals the family court's dismissal of her petition for grandparent visitation.  Appellant argues the family court abused its discretion in *sua sponte* dismissing her petition without prejudice and that the dismissal violates her due process rights. Because we do not have jurisdiction over Appellant's appeal, we dismiss it.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Appellant is the biological mother of Kaysan Morgan ("Father").  Father has three children with Iman Ali ("Mother").  The three children, in addition to Father's son from a previous relationship, live with Father and Mother.

**¶3**        In November 2015, Appellant filed a petition for grandparent visitation pursuant to Arizona Revised Statutes ("A.R.S.") § 25-409(C)(2) (2017),[2] seeking visitation rights to Father's three children with Mother.[3]  At the time Appellant filed her petition, Father and Mother were not legally married.  Appellant argued visitation was in the children's best interests because Appellant "ha[d] been an important part of the [] children's lives"

---

[1]        The Honorable Patricia K. Norris, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        "The superior court may grant visitation rights during the child's minority on a finding that the visitation is in the child's best interests and that . . . [t]he child was born out of wedlock and the child's legal parents are not married to each other at the time the petition is filed."  A.R.S. § 25-409(C)(2).

[3]        Appellant's visitation rights to Father's child from the previous relationship are not at issue in this appeal.

and because Appellant hoped "to provide a loving extended family environment for the [] children." Appellant further contended that Mother and Father were denying her visitation rights "because of Mother's strained relationship with [Appellant]." Mother and Father responded, opposing Appellant's petition.

¶4        At a hearing on Appellant's petition, Father advised the court that he and Mother were legally married on December 2, 2015, and made an oral motion to dismiss Appellant's petition for lack of jurisdiction.[4] The court denied Father's motion, citing *Fry v. Garcia*, 213 Ariz. 70, 138 P.3d 1197 (App. 2006) and stating that "the trial court has jurisdiction to consider a visitation petition filed when the parents were not married even if the parents subsequently wed."[5] The court later set the matter for trial.

¶5        Before trial, Appellant moved to vacate trial and stay proceedings, explaining that she had filed a private dependency petition "for the safety of the minor children" and requesting the court vacate the trial and stay the resolution of the merits of her visitation request pending resolution of the dependency action. The court vacated the trial and dismissed the visitation petition. Appellant moved for reconsideration of the dismissal, and the court denied that motion, clarifying that the dismissal was without prejudice. Appellant timely appealed.[6]

---

[4]        Although Appellant has not provided us with the transcript from that hearing, the court's subsequent ruling indicates that Father argued the court no longer had jurisdiction under A.R.S. § 25-409(C)(2) because Mother and Father had married.

[5]        In *Fry*, the court did not hold that the grandparent's entitlement to visitation under § 25-409(C)(2) was preserved notwithstanding the parents' subsequent marriage, but only that the court had subject matter jurisdiction to hear and resolve that request. 213 Ariz. at 73, ¶ 12, 138 P.3d at 1200.

[6]        Neither Mother nor Father filed an answering brief. Although we could treat their failure to respond as confessions of error, in our discretion, we decline to do so. *See McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, 165 P.3d 667, 670 (App. 2007) (citing *Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994)).

## ANALYSIS

¶6           "A dismissal without prejudice is not a final judgment and is therefore generally not appealable." *Canyon Ambulatory Surgery Ctr. v. SCF Ariz.*, 225 Ariz. 414, 418-19, ¶ 14, 239 P.3d 733, 737-38 (App. 2010).  However, A.R.S. § 12-2101(A)(3) (2016) provides that an appeal may be taken "[f]rom any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

¶7           Appellant acknowledges that the family court's dismissal was without prejudice.  Nevertheless, she contends that the effect of the court's order is final because, now that Mother and Father are married, she is precluded from refiling her claim for grandparent visitation under A.R.S. § 25-409(C)(2).  Appellant concludes, therefore, that the family court's dismissal without prejudice is an appealable order that this court has jurisdiction to consider.[7]  But the family court's dismissal without prejudice has not "determine[d] the action" in this case because although Appellant may not currently qualify under A.R.S. § 25-409(C)(2), she may qualify at some point in the future under that subsection or a different one.

¶8           Finally, the family court dismissed Appellant's petition after Appellant disclosed that she had initiated a private dependency action in the juvenile court involving the three children.  Neither the record on appeal nor Appellant's opening brief provide us with any information pertaining to the status of that dependency action, but we are entitled to assume the family court's decision to dismiss the petition without prejudice was, in part, to avoid issuing any orders that might conflict with any determinations of the juvenile court in its consideration of the dependency action.[8]  *See* A.R.S. § 8-202(F) (Supp. 2016) (stating that orders of the juvenile

---

[7]       Appellant seems to believe that, even assuming her visitation petition was still pending, the family court could and would ignore the fact of the parents' marriage and the express requirements of the statutory provision upon which Appellant relies to qualify for visitation rights.  That is incorrect.  In short, regardless of whether the visitation petition was dismissed or stayed, the facts do not support any suggestion that Appellant had a substantive right to seek visitation under § 25-409(C)(2) once the parents married.

[8]       A.R.S. § 8-842(B)(2) (2014) provides that, during dependency proceedings, the juvenile court must "[d]etermine that [DCS] is attempting

court "take precedence over any order of any other court of this state except the court of appeals and the supreme court to the extent that they are inconsistent with orders of other courts").

¶9        Because Appellant's contention that she will be barred from refiling her claim is speculative and insufficient to show that the family court's dismissal without prejudice "affect[ed] a substantial right," the family court's order in this case is not an appealable order as contemplated by A.R.S. § 12-2101(A)(3).[9]  Accordingly, we do not have jurisdiction over Appellant's appeal.

**CONCLUSION**

¶10        Appellant's appeal is dismissed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

to identify and assess placement of the child with a grandparent or another member of the child's extended family . . . ."  Thus, in the event that Appellant's allegations were substantiated and DCS became involved in the dependency proceedings, Appellant could qualify as a placement for the children.

[9]        Although this court can invoke its special action jurisdiction "without regard to its appellate jurisdiction," in the exercise of our discretion, we decline to do so in this case.  *See* A.R.S. § 12-120.21(A)(4) (2016).