NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JUDITH MCPHERSON, *Petitioner/Appellant*,

*v.*

GAELAN BRUCE MCPHERSON, et al., *Respondents/Appellees*.

No. 1 CA-CV 22-0298 FC
FILED 3-2-2023

Appeal from the Superior Court in Maricopa County
No. FC2019-054050
The Honorable Theodore Campagnolo, Judge

**VACATED AND REMANDED**

COUNSEL

Rose & Associates PLLC, Phoenix
By Timothy J. Rose
*Counsel for Petitioner/Appellant*

Gaelan Bruce McPherson, Jessica McPherson, Phoenix
*Respondents/Appellees*

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**F U R U Y A**, Judge:

**¶1**　　　　Judith McPherson ("Appellant") appeals from the superior court's order denying her petition to modify third-party visitation rights to her minor step-grandchild ("Child"). For the following reasons, we vacate the court's order, reinstate the previous order granting Appellant third-party visitation rights, and remand for the court to conduct a best-interests analysis.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Child was born out of wedlock in 2006 to Gaelan McPherson ("Father").[1] Father was incarcerated from 2008 until 2012, and Child's biological mother has been unable to care for Child throughout his life. Father, therefore, granted temporary guardianship to Child's paternal grandfather ("Grandfather") in 2007 so that Child would be cared for until Father could do so. Appellant was married to Grandfather while Child was in Grandfather's custody under the guardianship and participated in caring for Child.

**¶3**　　　　Grandfather passed away in November 2018. Father terminated the guardianship in June 2019. Father brought Child home to live with him, his wife Jessica ("Stepmother"), and Stepmother's two teenage sons. Appellant requested and was awarded third-party visitation in February 2020 under Arizona Revised Statutes ("A.R.S.") § 25-409(C)(2). The order granted her visitation every other weekend, on December 23, and for a week in the summer.

**¶4**　　　　Stepmother adopted Child in April 2021. In November of that year, Appellant moved from the Phoenix metropolitan area—where Child lives—to Minnesota. She filed a petition to modify her third-party visitation rights, requesting that Child fly to Minnesota, at her expense, for their visitation time. Father and Stepmother opposed the petition because they

---

[1]　　Child's biological mother does not have parental rights and is not a party to this appeal.

believed the frequent travel would be detrimental to Child's school and work schedules.

¶5        The court held an evidentiary hearing in March 2022 and decided Appellant's move to Minnesota rendered the old visitation plan unworkable. It ruled that none of the requirements under A.R.S. § 25-409(C) applied to permit the court to award Appellant third-party visitation rights and that it therefore no longer had jurisdiction to award visitation to Grandmother. The court denied her petition and vacated its February 2020 visitation order.

¶6        Appellant timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I.        Standard of Review

¶7        The decision to award visitation rests within the court's discretion upon finding that visitation is in the child's best interests, and we will not disturb the court's decision absent an abuse of that discretion. *In re Marriage of Friedman & Roels*, 244 Ariz. 111, 120 ¶ 36 (2018); *McGovern v. McGovern*, 201 Ariz. 172, 175 ¶ 6 (App. 2001). An abuse of discretion occurs "when the record is devoid of competent evidence to support the court's decision." *Woyton v. Ward*, 247 Ariz. 529, 531 ¶ 5 (App. 2019) (cleaned up). While we defer to the court's factual findings supported by competent evidence, we review any issues of statutory interpretation and constitutional law de novo. *See McGovern*, 201 Ariz. at 175 ¶ 6; *see also Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286 ¶ 31 (App. 2019) ("On appeal, we do not reweigh [] evidence and will defer to the family court's resolution of [] factual dispute[s].").

### II.       The Court Erred by Not Making Findings on Child's Best Interests.

¶8        Arizona law authorizes "a person other than a legal parent" to petition for visitation with a child. A.R.S. § 25-409(A), (C). As relevant here, the court may grant visitation rights after finding it is in the child's best interests and that "[t]he child was born out of wedlock and the child's legal parents [were] not married to each other at the time the petition [was] filed." A.R.S. § 25-409(C)(2).

¶9        Here, the court awarded Appellant third-party visitation in its February 2020 order. When Appellant requested modification of this order, the court did not examine Child's best interests because it reasoned

that Appellant's move to Minnesota rendered the order "no longer logistically workable" and thus a nullity. The court determined by extension that because Stepmother had since adopted Child, Appellant no longer qualified for a third-party visitation order and the court lacked jurisdiction to consider the matter further. We disagree.

¶10 No authority supports the court's conclusion that an existing third-party visitation order necessarily and automatically becomes a nullity because the third-party's circumstances make exercising visitation rights under the order impractical. On the contrary, we have previously determined that the mere occurrence of relocation does not automatically terminate statutory third-party visitation orders. *Munari v. Hotham*, 217 Ariz. 599, 602 ¶ 10 (App. 2008). And we agree with Appellant that adoption by the spouse of a natural parent also does not automatically terminate a third-party's pre-existing visitation rights. A.R.S. § 25-409(H). Nor did Stepmother's adoption divest the court of jurisdiction to review the issue of Appellant's existing visitation rights or her petition to modify. *See Fry v. Garcia*, 213 Ariz. 70, 73 ¶¶ 10–12 (App. 2006) (rejecting argument that parents' marriage divested court of jurisdiction to hear grandparent visitation issue when the court had jurisdiction before marriage at the time of filing). Therefore, the court erred by vacating its February 2020 order granting Appellant third-party visitation rights.

¶11 Appellant further argues the court erred by not making specific best-interest findings that termination was in the best interests of Child. Courts may certainly revisit orders for third-party visitation rights to amend, modify, or terminate them. *See Munari*, 217 Ariz. at 602 ¶ 10 (explaining a grandparent's visitation, as ordered, remains in place unless otherwise modified by the superior court after hearing), *Jackson v. Tangreen*, 199 Ariz. 306, 313 ¶ 29 (App. 2000) (indicating visitation could continue, implying it also could have ended). But Appellant is correct that such amendment, modification, or termination must be predicated on the court's assessment of the minor's best interests. *See* A.R.S. § 25-409(C), (E). That said, we have held that courts need not "make specific findings on the record regarding the children's best interests in third-party visitation cases." *Torrez v. Bombard*, 1 CA-CV 16-0758 FC, 2018 WL 3722451, at *3 ¶ 16 (Ariz. App. July 31, 2018) (mem. decision). Thus, the absence of specific and enumerated findings under A.R.S. § 25-409(C) and (E) was not necessarily itself error. But, where, as here, the court has previously granted Appellant visitation rights, any amendment, modification, or termination of that order requires the court to consider "all relevant factors including" those listed in A.R.S. § 25-409(E) and find that the change is in the minor's best interests.

**¶12**          Further, parents have a fundamental right, protected by the Fourteenth Amendment, to the "care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *see also Graville v. Dodge*, 195 Ariz. 119, 123–24 ¶ 19 (App. 1999). This right prohibits arbitrary intrusion into fit parents' decisions regarding their children, including the decision to limit or deny third-party visitation. *See McGovern*, 201 Ariz. at 178 ¶ 19. To protect this right, courts must give "special weight" to parents' wishes regarding third-party visitation with their children. *Id.* at 177–78 ¶ 18; A.R.S. § 25-409(E). Grounded as it was on a perceived lack of jurisdiction, it is not evident from the court's termination of the February 2020 third-party visitation order that this termination was grounded upon Child's best interests after considering all relevant factors and giving special weight to Child's parents' wishes. Accordingly, we remand for a best-interests analysis pursuant to A.R.S. § 25-409(E), with instructions for the court to give special weight to Father and Stepmother's opinions of whether third-party visitation with Appellant serves Child's best interests. In the meantime, we reinstate the February 2020 third-party visitation order.

### III.     The Court May Consider the A.R.S. § 25-403 Best Interest Factors, and § 25-411 Does Not Apply to Third-Party Visitation Rights.

**¶13**          Appellant also argues the court could have applied A.R.S. § 25-403's best interest factors to modify her visitation rights and could have granted her petition under A.R.S. § 25-411. As explained above, statutes direct that the court must "consider all relevant factors" in analyzing whether visitation is in a minor's best interests before awarding visitation. A.R.S. § 25-409(C), (E). This analysis *may* include any relevant best-interests factors in A.R.S. § 25-403. However, A.R.S. §§ 25-403 and -411 refer to legal decision-making, parenting time, and parents; they do not refer to visitation rights of third parties. And we have previously held that a statute applicable to parenting time, which does not explicitly refer to third-party visitation, does not apply to visitation rights. *Sheehan v. Flower*, 217 Ariz. 39, 43 ¶ 18 (App. 2007) (holding A.R.S. § 25-408 does not apply); *see also Torrez*, 1 CA-CV 16-0758, at *3 ¶ 16 (citing A.R.S. § 25-403 to note that "§ 25-409 does not require the court to make specific findings on the record regarding the children's best interests in third-party visitation cases"). Therefore, we will not apply these statutes to visitation rights when the Legislature chose not to do so. *See Home Builders Ass'n Cent. Ariz. v. City of Scottsdale,* 187 Ariz. 479, 483 (1997) (holding that where statute is clear, courts do not "read[] into the law words the legislature did not choose to include").

**¶14**         Therefore, while a court may consider the best-interests factors in A.R.S. § 25-403 if they are relevant to a determination for visitation, A.R.S. § 25-411 does not apply to third-party visitation rights.

## CONCLUSION

**¶15**         We vacate the court's order on appeal, reinstate the February 2020 order granting third-party visitation, and remand for further proceedings consistent with this decision.

**¶16**         As the prevailing party on appeal, we award Appellant her taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. After consideration, and in exercise of our discretion, we decline to award attorney's fees to Appellant.



AMY M. WOOD • Clerk of the Court
FILED:    AA